*In re* HENRI DESLOVERS for Writ of Habeas Corpus.

APRIL 17, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Habeas Corpus.   Indictments.   Bail.   Trial.*
Cap. 354, § 17, Gen. Laws, 1909, providing that every person who shall be indicted for certain crimes (including murder) and shall be imprisoned under the indictment shall be tried or bailed within six months next after the time at which he shall plead to such indictment, if he demand a trial, unless it shall appear to the court that some material witness in behalf of the State has been enticed away or is prevented from attending court by some unavoidable accident, requires that a defendant who has not been bailed and who has demanded a trial, must be discharged from imprisonment, after the expiration of the period of six months within which a trial should be had, unless some witness in behalf of the State has been enticed away or prevented from attending court by unavoidable accident.

*(2)   Habeas Corpus.   Indictments.   Trial.   Demand.*
Where a defendant committed to jail without bail in a capital case, more than seven weeks prior to the expiration of a period of six months following his plea to the indictment, protested against the vacating of an assignment of the case for trial and moved for a reassignment of the case, such action upon his part constituted a sufficient demand under Gen. Laws, 1909, cap. 354, § 17, for a trial and gave the State a sufficient time within which to place the defendant on trial within such period of six months.

PARKHURST AND SWEETLAND, JJ., dissenting.

PETITION FOR HABEAS CORPUS.   Writ directed to issue.

VINCENT, J.   Eugene L. Jalbert of Woonsocket, County of Providence, State of Rhode Island, in behalf of one Henri Deslovers of said Woonsocket, has filed in this court a petition for habeas corpus, setting forth that the said Henri Deslovers is imprisoned and unjustly and unlawfully deprived of his personal liberty and held in custody at Howard, in said county and State by Almer J. Davis, or some other person as his keeper, the warden of our State prison.

(1)     That said Henri Deslovers on, to wit, the 16th day of September, A. D. 1912, was indicted by the grand jury of the State of Rhode Island and Providence Plantations, said

indictment charging him with the crime of murder; that on, to wit, the 7th day of October, A. D. 1912, the said Henri Deslovers pleaded not guilty to the indictment and was thereupon committed to jail without bail by order of the Superior Court; that said Henri Deslovers has been confined in jail ever since on or about the 30th day of June, A. D. 1912, and that during the entire period aforesaid the said Henri Deslovers was not tried or admitted to bail.

That in compliance with Section 17 of Chapter 354 of the General Laws of Rhode Island, 1909, the said Henri Deslovers at different times, to wit, on the 15th day of February, A. D. 1913, by a motion filed in the Superior Court, and on the 22nd day of March, A. D. 1913, by a formal demand in writing to the Attorney-General, demanded that he be given a trial. That said demand for a trial was denied the said Henri Deslovers, both by the Superior Court and the Attorney-General, and a trial was postponed beyond the statutory period provided for in said Section 17 of Chapter 354. That the postponement of said trial beyond the aforesaid statutory period is a gross injustice to the said Henri Deslovers in that certain testimony greatly needed by him will not be available on any subsequent day to which said trial may be assigned.

Section 17 of Chapter 354 has reference to certain crimes, including treason against the State, murder, robbery, rape, arson and burglary, and is as follows: "Sec. 17. Every person who shall be indicted for either of said crimes and shall be imprisoned under the indictment shall be tried or bailed within six months next after the time at which he shall plead to such indictment, if he demand a trial, unless it shall appear to the court that some material witness in behalf of the State has been enticed away or is prevented from attending court by some unavoidable accident."

It is claimed that the said Henri Deslovers, not having been admitted to bail and having been deprived of his liberty for a period of more than six months following his plea to the indictment, is now illegally held and is entitled

to his discharge, he having demanded a trial within the six months following his plea to the indictment and he not being further detained on the ground that some material witness in behalf of the State has been enticed away or is prevented from attending court by some unavoidable accident.

The application for the writ of habeas corpus was filed April 8, 1913. It appears from the record that the said Henri Deslovers was arrested June 30, 1912, upon suspicion of murder and was later arraigned before the district court of the twelfth judicial district charged with the killing of one Angele Parmentier; that on September 16, 1912, he was indicted for said offence by the grand jury and on October 7th following, he pleaded not guilty and was committed without bail to the Providence County Jail, where he has since remained without a trial. The six months mentioned in said Section 17 of Chapter 354 therefore expired on the 7th day of April, 1913.

Following the indictment, the case has been four times assigned for trial, to wit, November 11, 1912; January 27, 1913; February 10, 1913, and April 21, 1913, the last day of assignment being after the expiration of the period of six months from the time of the plea to the indictment.

(2)    It appears that one, at least, of the earlier assignments was vacated and a new assignment made at the request of the said Deslovers, but that the assignment of February 10, 1913, was vacated against the protest of Deslovers, who two days later moved the court, in writing, to assign his case for trial, which said motion was denied by the Superior Court. The said Deslovers, through his counsel, also addressed a letter to the Attorney-General, March 22, 1913, calling the latter's attention to his said motion for a trial which had been denied, and requesting a trial within the statutory period.

The said motion of Deslovers for the assignment of his case for trial was filed on February 12, 1913, or more than seven weeks prior to the expiration of a period of six months following his plea to the indictment.

The court naturally feels that a person indicted for so grave and repulsive a crime should not be permitted to go free without a trial if his trial could be secured according to law. The court, however, in disposing of the question before it, is constrained by and must consider the terms of the statute referred to and the intention of the legislature in its enactment.

The constitution provides that those accused of crime shall have a speedy trial and the statute in question was undoubtedly framed in furtherance of that constitutional provision. The statute seems to us to mean that any person accused of either of the crimes enumerated shall, if he demand a trial, be tried within six months from the time that he pleads to the indictment unless in the meantime such person should be admitted to bail or unless some witness in behalf of the State should have been enticed away or prevented from attending court by unavoidable accident.

We think that the protest of Deslovers regarding the vacation of the assignment of February 10, 1913, and his subsequent motion, two days later, that his case might be assigned for trial was sufficient to constitute the demand required by the statute and that such demand gave to the State a sufficient time within which to place Deslovers on trial within the statutory period of six months computed from the time of his pleading to the indictment. We think that the Superior Court should either have refused to vacate the assignment of February 10, 1913, or should have granted Deslovers' motion to have the case assigned for trial, fixing the time therefor within the period of six months, and that the Attorney-General should have aided the court to the same end.

It is true that the statute in question does not specifically state that in the event of no trial occurring within six months the accused person shall be discharged. In many of the states where statutes of this character have been enacted such statutes have provided in definite terms for the discharge of the defendant.

In the enactment of the statute in question, it must be presumed that if the defendant was not placed on trial within six months, not having within that period been admitted to bail, the legislature intended that such lapse of time should operate to release the accused party from further imprisonment. We cannot conclude that the legislature by its positive provision that "Every person who shall be indicted for either of said crimes and shall be imprisoned under the indictment *shall* be tried or bailed within six months next after the time at which he shall plead to such indictment, if he demand a trial," . . . intended that a person accused of crime, and imprisoned, should after the expiration of six months be left in the same situation in reference to his liberty as he was before the expiration of that period.

This brings us to the consideration of the statute with a view to ascertaining whether or not there could have been in the contemplation of the legislature any other change or changes in the situation of the accused which were to ensue from the expiration of the statutory period of six months within which a trial should be had, except his discharge. We cannot find anything indicating any other intent and we cannot assume that nothing was intended. In substance, and in fact, the statute directs that no person shall be imprisoned without a trial for a period of more than six months. As we cannot construe this statute or find in the language thereof any evidence of any other intention on the part of the legislature than that an accused person should not be deprived of his liberty for more than six months without a trial, we, therefore, must conclude that Deslovers, in view of such statute, cannot be further detained and that he is entitled to his discharge.

We reach this conclusion with much reluctance. It is only through the positive provision of the statute, as we feel compelled to read and construe it, that we have reached the conclusion which we have. A writ of habeas corpus is directed to issue returnable to this court on Friday, April 18, 1913, at 2:30 o'clock P. M.

PARKHURST and SWEETLAND, JJ., dissenting.

Archambault & Jalbert, John J. Fitzgerald, for petitioner.

Herbert A. Rice, Attorney-General, A. A. Capotosto, 3rd Assistant Attorney-General, for State.