■   The People of the State of New York, Appellant, v. James C. Melfi, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated June 10, 1963, which granted the motion of the defendant *pro se* to dismiss the indictment against him for lack of prosecution. Order reversed on the law and the facts; motion denied; and indictment reinstated. Defendant was indicted on March 21, 1962. He was charged with first degree rape, second degree assault, second degree forgery, petit larceny and attempted petit larceny. At first he appeared by retained counsel, who made a motion to inspect the Grand Jury minutes and who, at defendant's request, later made a motion to withdraw as counsel. The latter motion was granted in October, 1962 and the Legal Aid Society was assigned to represent the defendant. Subsequently defendant retained another attorney and the Legal Aid Society was relieved of its assignment. During the time it represented defendant the society made an unsuccessful motion to sever the counts of the indictment. On March 4, 1963, defendant's newly retained counsel requested an adjournment, and he subsequently made a motion to suppress evidence. Defendant made a motion *pro se,* without informing his counsel, to dismiss the indictment for lack of prosecution. On March 18, 1963 his counsel again requested an adjournment because of the pendency of the motions. For the same reason, on March 22, 1963 the court on its own motion adjourned the trial of this action. On the return day of the defendant's motion the court requested the District Attorney's affidavit in opposition. The District Attorney requested that he be given until 2 o'clock of the same day to supply such an affidavit, but the court refused his request and summarily granted the defendant's motion to dismiss the indictment for lack of prosecution. It thus clearly appears that the delay in trying this case was not only acquiesced in by the defendant

but that it was caused by his own several motions and changes of counsel. In these circumstances, there is nothing in the record to suggest that the means of proving the defendant's innocence may have been put beyond his reach by the lapse of time (cf. *People* v. *Prosser*, 309 N. Y. 353). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.