217 A.2d 83.

ROBERT W. RAMSDELL *vs.* HAROLD V. LANGLOIS, *Warden.*

FEBRUARY 21, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

JOSLIN, J. In this petition for a writ of habeas corpus the petitioner, now confined at the adult correctional institutions awaiting trial on an indictment charging him with murder, seeks both his discharge from restraint and a dismissal of the indictment against him. He contends that his right to a speedy trial under both federal and state constitutions has been violated and that his statutory right to a trial under G. L. 1956, §12-13-7, has been denied. The writ issued, a return was filed, and pursuant to our order issued following argument of the case the clerk of the superior court for the county of Providence has transmitted to us the records in his custody and possession relating to the indictment against the petitioner.

The significant facts are that petitioner on February 6, 1963, on a plea of not guilty to a complaint and warrant charging him with murder was adjudged probably guilty by a judge of one of our district courts and was ordered to be held without bail for appearance at the next regular session of the grand jury to be held within the superior court for the county of Providence.

Following presentment of a true bill charging him with murder he was arraigned before a justice of the superior court and, after pleading not guilty and not guilty by reason of insanity, was on April 8, 1963 held without bail and committed to respondent's custody at the adult correctional in-

stitutions to await trial. He has ever since been there excepting only for the interval between June 13 and November 23, 1963, when he was confined in the criminal insane ward at the "State Institution at Howard." Although remanded from that ward to the correctional institutions on November 23, 1963, it was not until December 14, 1964 that he was adjudged mentally competent to stand trial by a justice of the superior court at which time notwithstanding that he was already there, he was again committed to the adult correctional institutions without bail.[1]

Thereafter, on May 20, 1965, the court acting on petitioner's motion authorized the employment, at the state's expense, of Dr. Alfred E. Fireman "to make a psychiatric examination of Robert W. Ramsdell" for the purpose of determining his mental status and his capacity to be put to trial. Doctor Fireman late in August reported to both petitioner's counsel and the attorney general that petitioner was "presently competent to stand trial and to otherwise participate in the preparation and presentation of his own defense and that he knows the nature and proceedings of the charge against him."

Before the report of the psychiatric evaluation was received, however, petitioner, acting on his own, on July 19, 1965 filed in the office of the clerk of the superior court a motion to quash the indictment and thereafter on July 28, 1965 he filed motions for a bill of particulars, to suppress evidence unlawfully and illegally obtained, to inspect the minutes of the grand jury, to be admitted to bail, and for a speedy trial.

---

[1]Apparently removal to the criminal insane ward was pursuant to G. L. 1956, §§26-4-3 and 26-4-4, which authorize a justice of the superior court to order any person awaiting trial and imprisoned to be removed to the criminal insane ward if after hearing he is satisfied that the person is "insane or idiotic," and remand to the adult correctional institutions was pursuant to §26-4-5 which permits such transfer upon restoration to reason. See *Genereux* v. *Pelosi*, 96 R. I. 452, 192 A.2d 630.

The petitioner alleges, and although his allegations are not substantiated by the record respondent does not deny them, that these motions were not heard on the several dates to which they were thereafter assigned notwithstanding that on each occasion he was prepared to go ahead. In any event, the motions came before the superior court on September 22, 1965 along with an oral motion by the state for the appointment of an impartial physician to examine petitioner in order to determine his ability to stand trial. The state's motion was denied and petitioner's motions, although continued for hearing to September 29, 1965, were not reached until January 3, 1966. On that date his motion for a speedy trial was granted and January 7, 1966 was fixed as the date, his other motions were denied and his oral motion made in open court for a bill of particulars was granted. The trial did not take place on January 7, nor could it have because the indictment and all the records relating thereto were then in this court pursuant to our order. In the interval between September 22, 1965 and January 3, 1966, however, petitioner had filed his application for a writ of habeas corpus which we issued on November 12, 1965.

Assuming the facts and circumstances of this particular case are such as would otherwise entitle petitioner to be discharged from restraint and to have the indictment against him dismissed, we must still inquire whether, following his demand, the state delayed unduly in putting him to trial.

In this state, and we follow the great weight of authority, the right to a speedy trial, whether under the constitution or pursuant to statute, is a qualified one which is waived unless an accused asserts his right to it. *Orabona* v. *Linscott,* 49 R. I. 443; *In re Deslovers,* 35 R. I. 248; *State* v. *Boynton,* 143 Me. 313; *Tutt* v. *Warden of Md. Penitentiary,* 199 Md. 691; *State* v. *Smith,* 10 N. J. 84; *State* v. *Prosser,* 309 N. Y. 353, *contra.* If demanded and not grant-

ed we then look to all of the circumstances in order to ascertain whether the delay was unreasonable. Necessarily one of those considerations is whether there was a sufficient time interval between the demand and the habeas corpus petition within which the accused could have been put to trial. See *In re Deslovers, supra.*

Here, while the court was awaiting a report of the psychiatric evaluation ordered at his request, petitioner simultaneously questioned the indictment, requested information to assist him in the preparation for trial, and demanded a speedy trial. The inconsistencies which inhered in the various requests and demands belatedly made by petitioner gave clear warrant to the trial justice to conclude that petitioner intended that action on his demand for a trial be deferred until after a disposition was made of the other matters.

In similar circumstances the courts have found that the delay in granting a trial is excusable when attributable to the conduct of an accused. Thus, it has been held that there is no valid ground for a dismissal if an accused initiates proceedings to determine his own capacity to be subjected to criminal prosecution, *State* v. *Stanley,* 179 Kan. 613, see *Genereux* v. *Pelosi,* 96 R. I. 452, 192 A.2d 630; or moves to quash the indictment, *Ex parte Walton,* 2 Wharton (Pa.) 501; or requests a bill of particulars, *State* v. *Polan,* 78 Ariz. 253, *State* v. *Lydon,* 40 Wash. 2d 88; or moves to suppress the evidence, *State* v. *Estes,* 151 Wash. 51, *Smith* v. *United States,* 331 F.2d 784, *Koenig* v. *Willingham,* 324 F.2d 62, *People* v. *Melfi,* 20 App. Div. 2d 816, 248 N.Y.S.2d 670.

While there may be circumstances where the filing of such motions will not excuse delay in putting a defendant to trial, *Zehrlaut* v. *State,* 230 Ind. 175, *Ex parte Bracey,* 82 W. Va. 69, the record here dictates a contrary conclusion. On September 22, 1965, when the matters were before him, the trial justice asked petitioner whether his motions raised

issues which might make a trial unnecessary. Counsel's response that "It would have a bearing on it" clearly justifies the conclusion that petitioner requested a pretrial disposition of those issues. Having made that request, he is in no position to urge that the delay resulting therefrom was inimical to his right to a speedy trial. Faced with a similar situation the court in *State* v. *Thompson,* 38 Wash. 2d 774, 782, said: "It would seem that appellant is not entitled to blow both hot and cold—to seek dismissal based upon delay in trial, on the one hand; while at the same time, requesting and insisting upon further continuance or postponement of the trial."

Moreover, at the September 22 hearing both petitioner and his counsel were present when the trial justice continued the hearing to a future date subject, however, to his then being available. They sat silently by, interposed no objection, and thereby allowed both the court and the prosecutor to assume that they acquiesced in the provisional assignment. They should not now be permitted, upon the occurrence of the event of which they were forewarned, to claim that rights were violated. *Hernandez* v. *State,* 40 Ariz. 200; *People* v. *Washburn,* 285 Mich. 119.

Although for the reasons indicated Ramsdell is not entitled to have the indictment against him dismissed, he has nonetheless been imprisoned far too long. Through a sequence of events, many of them without record explanation, his liberty to be at large has been denied since February 6, 1963 on a charge which dates back to 1959. While languishing either in prison or in the criminal insane ward he may have lost the benefit of interviewing witnesses whose once fresh and vital recollections may have dimmed, thereby impairing his ability to defend against the crime with which he has been charged. Considerations of this kind led New York to depart from the rule that the right to a speedy trial must be asserted and to adopt instead one which requires no demand and imposes the burden upon

the state to give an accused a trial in due season. *State v. Prosser,* 309 N. Y. 353. The court's reasons were cogent. If the validity of the demand rule had been raised here these considerations, as well as the growing tendency of courts to depart from the requirement that an assertion of constitutional rights is a prerequisite to finding a violation, might have been persuasive.

Our judgment is that the delay in granting a trial on the merits between the date of demand, July 28, 1965, and September 22, 1965, when the motion for a speedy trial was first heard, was occasioned by petitioner's own conduct and therefore excusable. In the peculiar circumstances of this case, and we examine the totality of the circumstances to determine unreasonableness, the delay either to bring petitioner to trial or to hear his motion for a trial between September 22, 1965 and November 10, 1965, the date when he filed this petition, was not so unreasonable as to entitle him at this time to a dismissal of the charge.

The petitioner's motions, other than that in which he requests a trial, have now been disposed of. If the attorney general does not give this case precedence on the docket for the trial of criminal cases the superior court should.

In the interim, however, Ramsdell should not be denied his right to be bailed. Although as an accused murderer he is not constitutionally guaranteed that right[1], §12-13-5 permits and §12-13-7 requires that it not be denied him when, as in this case, he has been restrained for more than six months after his plea to the indictment and has demanded a trial.

While petitioner's dilatory tactics deprived the state of a reasonable time within which to accede to his request for

---

[1]Art. I, sec. 9, in pertinent part provides: "All persons imprisoned ought to be bailed by sufficient surety, unless for offences punishable by death or by imprisonment for life, when the proof of guilt is evident or the presumption great."

a trial, they did not constitute a waiver of his right to be bailed, a right claimed at the same time as was the right to a speedy trial. He should forthwith be taken before a justice of the superior court to be bailed. Whether he shall be required to recognize personally or with surety is in the first instance a question for that court to determine.

The petition for the writ of habeas corpus is granted, and the respondent is directed to present the petitioner to the superior court forthwith so that he may be bailed and for further proceedings in accordance with this opinion.

*Leo Patrick McGowan,* Public Defender, for petitioner,

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for respondent.