CHARLES CARROLL, Judge.
This is an original proceeding in prohibition, filed in this court on October 10, 1969, by the relator Leocadio Leon against a judge of the Criminal Court of record of Dade County.
The suggestion in prohibition alleged that an information was filed against the relator;[1] that relator was arrested on July 31, 1968, and on the same day was released on bail; that relator filed written demand for speedy trial in three successive terms of the criminal court of record, on August 12, 1968, in the June term, on August 13, 1968, *596 in the August term, and on December 9, 1968, in the October term,[2] as provided for under § 915.01(2), Fla.Stat., F.S.A.;[3] that relator had not prevented attendance of witnesses, and had not sought a continuance; and that he had not been brought to trial during the three terms involved, for which reason relator had filed in the trial court a motion for discharge; that argument of said motion was had on March 18, 1969, and that on June 10, 1969, an order was entered in the trial court denying the motion for discharge and setting the case for trial “for the week of October 13, 1969.”
We issued a rule nisi in prohibition. The respondent filed a return in which it was averred that the relator-defendant had waived his right to the trial within the terms in question. The respondent also averred that the notice relating to the third term was inoperative because made on the last day of the term, “thereby precluding the court from giving him a trial.”[4]
From the record and briefs it appears that the defendant was arraigned on September 4, 1968. He pled not guilty, and requested time for filing motions. The court allowed twenty days therefor, and set November 25, 1968, at 9:00 o’clock A.M. as the time for hearing the motions, and announced that the trial date would be set at that time. When November 25 arrived the trial court was engaged in a lengthy trial, for which reason the motions were not then heard. The trial judge’s calendar was congested with approximately fifty other cases ready to be tried. Thereupon the hearing on the motions was continued by the court to January 3, 1969. That extension was tacitly assented to by or on behalf of the defendant in that no objection was made to such continuance, and no demand was then made for trial of the case within the current term. However, on December 9, the last day of that (third) term the defendant filed a written demand for speedy trial.
The record is not clear as to the dates of certain subsequent proceedings, but it appears that the defendant filed a motion for discharge on February 10, 1969, and that argument thereon, and presumably on the other motions, was heard by the court on March 18, 1969, followed by an order on June 10, 1969, denying motions including the motion for discharge and setting the case for trial in October. It was brought out that the case was not set for trial earlier in 1969 because defendant’s counsel informed the court that a writ of prohibition was to be sought. However, as indicated at the outset of this opinion, the writ of prohibition was not applied for until October 10, 1969. The issuance by this court of the rule nisi in prohibition operated to stay the cause in the trial court, with a result that the trial was not held during the week in October for which it had been set.
On consideration of the pleadings, record and briefs, with the benefit of oral argument, we conclude that a writ of prohibition should not issue, and that judgment should be granted in favor of the respondent. We so hold on two grounds. The right to a speedy trial, within the three terms *597 based on written demands as provided for in the statute, is one which a defendant can waive. Acquiescence without objection to a postponement or continuance beyond the term, by the court or on request of the state, may constitute such waiver. In the case of Kelly v. State ex rel. Morgan, Fla.1951, 54 So.2d 431, 432, the Supreme Court said:
“It is not amiss to point out that in adjudicating one’s right under the Statute, chronology is not the only factor to guide the Court. If there has been a mistrial or a continuance for good cause, or if for other good and sufficient reasons a trial cannot be provided, the statute may be tolled. The real purpose of the statute is to cut off procrastination and dillydallying. * * * ”
In State v. Holloway, 147 Conn. 22, 156 A.2d 466, 468, cert. denied, 362 U.S. 955, 80 S.Ct. 869, 4 L.Ed.2d 872, the court said:
“Whether an accused has been denied his constitutional right to a speedy trial depends upon the facts in the particular case. The right may be waived where a defendant consents to delay or both prosecution and defense agree upon or stipulate for postponement. Waiver may be implied where the defendant, in court, interposes no objection to a continuance. * * * >>
In Ramsdell v. Langlois, 1966, 100 R.I. 468, 217 A.2d 83, 86, the court stated:
“Moreover, at the September 22 hearing both petitioner and his counsel were present when the trial justice continued the hearing to a future date subject, however, to his then being available. They sat silently by, interposed no objection, and thereby allowed both the court and the prosecutor to assume that they acquiesced in the provisional assignment. They should not now be permitted, upon the occurrence of the event to which they were forewarned, to claim that rights were violated.”
A second ground for our decision in this case, which is interrelated with the first ground, is that it appears there was good and sufficient reason for the postponement beyond the third term, due to the fact that the trial court was engaged in a lengthy trial on November 25, 1968, and had numerous other cases ready for trial at the same time. See Kelly v. State ex rel. Morgan, supra. The matter of a congested calendar as a reasonable basis for postponement of a trial against a defendant’s insistence on a speedy trial was commented upon in People v. Tahtinen, 1958, 50 Cal.2d 127, 323 P.2d 442, 445, as follows:
“ * * * The court’s minutes disclose that each of these postponements was granted because of the ‘congested condition of the calendar.’ In In re Lopez, supra, 39 Cal.2d at page 120, 245 P.2d at page 2, we held that ‘where the condition of the court’s business would not permit the trial to proceed’ good cause is shown and a continuance is justified. * * * ”
In State v. Williams, Fla.1954, 73 So.2d 295, 296, our Supreme Court said:
“ * * * The progress docket indicates that appellee was booked for trial on a day certain during each term before this proceeding was instituted so there was no occasion for him to make formal request for trial. Even if the state was the moving party for each continuance, there is no showing that defendant objected. His failure to object under the circumstances should be treated as a waiver. This is all the more true when the statute vests in the trial court some discretion as to granting or denying continuance and there is no showing that his discretion was abused. * * * ”
See also Cacciatore v. State, Fla.App.1969, 226 So.2d 137.
Accordingly, the rule nisi in prohibition heretofore entered by this court is discharged, and the suggestion in prohibition dismissed.

. The record here shows that on August 2, 1968, a three-count information, returnable to the criminal court of record of Dade County, was filed charging the relator with selling a narcotic drug (cocaine), possession of sueli drug, and resisting arrest with violence to a police officer.

. By § 32.03(4) (a), Fla.Stat., F.S.A., the term times of the criminal court of record of Dade County are shown to be as follows: “Second Tuesday in February. Second Tuesday in April. Second Tuesday in June. Second Tuesday in August. Second Tuesday in October. Second Tuesday in December.”

. Subsection (2) of § 915.01, Fla.Stat., F.S.A., relating to speedy trial as to persons arrested and who have been released on bond, provides: “When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on tlie prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall he forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.”

. Although the statute does not fix the time for filing demand in a term, it appears obvious that demand must be filed sufficiently early in the term to afford the state adequate time to hold trial in that term. Cf. Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804.