238 So.2d 281 (1970)
The STATE of Florida ex rel. Leocadio LEON, Petitioner,
v.
Honorable H. Paul BAKER, As One of the Judges of the Criminal Court of Record in and for Dade County, Florida, Respondent.
No. 39342.
Supreme Court of Florida.
July 29, 1970.
Jerry Mosca and Shalle Stephen Fine, Miami, for petitioner.
Earl Faircloth, Atty. Gen., and Harold Mendelow, Asst. Atty. Gen., Richard E. Gerstein, State's Atty. and Milton Robbins, Asst. State's Atty., for respondent.
CARLTON, Justice.
In original proceedings in prohibition, the District Court of Appeal, Third District, held that petitioner was not entitled to immediate discharge from prosecution under Fla. Stat. § 915.01(2), F.S.A. The opinion is reported at 229 So.2d 595. We find this decision to be in direct conflict with the decision of this Court in State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970), and two decisions of the District Court of Appeal, Fourth District: Anderson v. Edwards, as Judge, 234 So.2d 720 (1970), and Clark et al. v. Edwards, as Judge, 234 So.2d 399 (1970). Jurisdiction vests under Article V, Section 4(2), Florida Constitution, F.S.A.
The facts are not in issue. Petitioner was arrested and on July 31, 1968, was released upon bond to appear in Criminal Court, Dade County, to answer a possession of narcotics charge. The case was assigned to Judge Baker, respondent here. Fla. Stat. § 32.03(4) (a), F.S.A. provides for six terms of the Criminal Court of Record in Dade County annually; these terms commence *282 on the second Tuesdays of February, April, June, August, October and December. Petitioner was bailed on July 31, during the June term (June 11, 1968/August 12, 1968), and he filed his first demand on August 12, the last day of the term. The second demand was filed August 13, the first day of the August term (August 13, 1968/October 7, 1968). The third demand was filed on December 9, the last day of the October term (October 8, 1968/December 9, 1968).
Petitioner was not brought to trial during any of the above terms; nor did he seek to delay trial through the detention of witnesses or the seeking of a continuance. No further demands were filed after December 9, 1968. At the last day of the next successive term he filed a Motion for Discharge in the trial court. The motion was denied and petitioner subsequently filed a suggestion for a writ of prohibition in the District Court; rule nisi followed. Ultimately the District Court denied the relief sought; the rule nisi was discharged and the suggestion was dismissed.
The District Court based its decision to deny relief upon two grounds: acquiescence and the crowded docket of the trial court. When petitioner was arraigned in September, 1968, Judge Baker set November 25, 1968, as the date for hearing pre-trial motions; he said he would set time for trial during the hearing on that day. Petitioner's counsel agreed to this. But when that date arrived, Judge Baker was unable to entertain motions. In an affidavit filed in the record, Judge Baker explains why:
"[O]n November 25, 1968, the Court had a morning calendar of approximately fifty matters, one of which was the hearing on the motions in State v. Leocadio Leon. During the week preceding November 25, 1968, a jury trial was commenced that carried over to the week of November 25, 1968. The Court also had a crowded calendar for the balance of the week and the Court could not dispose of this case prior to the week of January 3, 1969.
"Your Affiant says further, that on November 25, 1968, it would have been impossible for the court, even if it had heard the motion in the case against Leocadio Leon, to provide him with a trial by jury prior to the expiration of the October Term. This is so because of the crowded condition of the court's calendar, making it generally impossible to set jury trials within such a brief period of time."
On January 3, 1969, hearing was held on the motions. At this time petitioner orally requested discharge under Fla. Stat. § 915.01(2), F.S.A. The motion was denied on the ground that petitioner agreed to the November hearing date, and that on November 25, the Court had found it necessary to continue all motions over to January. The District Court took the view that since no objection by petitioner to this continuance appeared in the record, petitioner must have acquiesced to it. The Court also felt that a crowded docket constituted "good and sufficient reason" for tolling the effect of the speedy trial statute under our decision in Kelly v. State ex rel. Morgan, 54 So.2d 431 (Fla. 1951). It should also be noted that in footnote 4, 229 So.2d at 596, the Court commented that, "Although the statute does not fix the time for filing demand in a term, it appears obvious that demand must be filed sufficiently early in the term to afford the State adequate time to hold trial in that term."
We agree with the contention that doctrines of waiver and acquiescence are fully applicable to speedy trial cases. See State ex rel. Gayle v. Dowling, 91 Fla. 236, 107 So. 267 (1926). But we do not find in this case any record which would support the conclusion that petitioner had an opportunity to object to the continuation of motions from November 25, 1968 over to January 3, 1969. Moreover, we are not impressed with respondent's argument that petitioner's agreement to have motions heard on November 25, reflects adversely upon petitioner's entitlement to relief under the speedy trial statute. Petitioner has the *283 right at all times to protect himself by the proper filing of demands. The cautious filing of these demands is evidence of prudence, not bad faith. By agreeing to participate in some proceeding at a certain date within three successive terms, a defendant does not waive the right to protect himself should trial not materialize through no fault of his own by the end of the three terms.
In fairness to the District Court, it must be pointed out that its decision was rendered prior to release of State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970) by this Court. In State ex rel. Johnson, we announced a more restrictive view of the delays to be tolerated under Fla. Stat. § 915.01(2), F.S.A. It should now be clear that a crowded court docket will not be considered as a reasonable delay under the statute. The two decisions of the District Court of Appeal, Fourth District, cited as being in conflict with the instant case in the forepart of this opinion, correctly hold that a crowded docket will not toll the protective provisions of the speedy trial statute because this is not a delay "caused by defendant."
As a final comment, attention is called to footnote 4 appearing in the District Court's opinion in which it is stated that demands must be filed early enough in a term so that the State can have adequate time to hold trial in that term. This note was apparently drafted in reference to the fact that petitioner filed two of his demands at the last day of the terms. We cannot agree with this contention. The statute makes no reference to the time of filing so long as each demand is filed within a term. The State has notice of the charges levied against a defendant and we presume it is on notice of the fact that a defendant may safeguard himself against delay by filing demands in accordance with Fla. Stat. § 915.01(2), F.S.A. Under the terms of the statute, copies of the demands must be served on the prosecuting attorney. Surely if a defendant files two successive demands, that official and the court should presume that a third demand and final demand will follow. In any event the State has an obligation to employ all reasonable means available to give a speedy trial. Dickey v. Circuit Court, Gadsden County, 200 So.2d 521 (Fla. 1967). This obligation is not met by ignoring defendant's right to speedy trial until the final demand is received at the last term.
The opinion of the District Court is quashed and the cause is remanded to the District Court for the purpose of a further remand to the Criminal Court of Record of Dade County, Florida, with instructions that the criminal prosecution upon the charge of possession of narcotics against this petitioner be dismissed.
It is so ordered.
ERVIN, C.J., and ADKINS and BOYD, JJ., concur.
ROBERTS, DREW and THORNAL, JJ., dissent.