273 A.2d 309.

DANIEL H. MARZILLI *vs.* ANTHONY A. GIORGIO,
*Sheriff of Kent County.*

JANUARY 28, 1971.

PRESENT: Powers, Joslin and Kelleher, JJ.

JOSLIN, J. The issue in this petition for certiorari is the Superior Court's jurisdiction to compel the Department of Social Welfare to produce records in its possession relating to the administration of public assistance.

The question arises in an unusual context. On December 10, 1969, Daniel H. Marzilli was arraigned in the Third Division of the District Court on two complaints and warrants each of which charged him with murder. He pleaded not guilty and the cases were continued to December 19, 1969 for a hearing on whether he should be adjudged probably guilty and bound over to the grand jury. In the interim, and because murder is not an offense which is bailable by the District Court, he was committed to the Adult Correctional Institutions. As far as the record discloses there has been no hearing in the District Court on the question of his probable guilt.

On the day following his District Court arraignment Marzilli, in an attempt to gain his liberty, commenced habeas corpus proceedings in the Superior Court for admission to bail. During the course of the hearings on that application he asked that a subpoena duces tecum issue to compel the Department of Social Welfare to produce a list of the names of those individuals on the public assistance rolls assigned to and serviced by defendant's wife, a caseworker in that department and one of the alleged murder victims. The state objected on the ground that G. L. 1956 (1969 Reenactment) §40-9-15, declares that "All records pertaining to the administration of public assistance * * * constitute confidential matter," and in addition provides that:

"No subpoena shall be issued by a court asking either for said records, or for persons having custody or access to said records, unless the litigation involved in such matters is directly connected with the administration of public assistance."

Notwithstanding those provisions the subpoena issued. When the state's subsequent motion to quash was denied, these certiorari proceedings were instituted. While the writ which issued out of this court did not stay the habeas corpus proceedings, the last entry in those proceedings indicates that following a hearing on January 22, 1970, the matter was "continued."

When the certiorari petition was heard in this court Marzilli argued that he required the public assistance records as an aid in the preparation of his defense to indictments charging him with murder. His reference to indictments led to some confusion because we were then unaware that the criminal proceedings against Marzilli had progressed beyond the complaint and warrant stage. To dispel that confusion we were prompted, on our own motion, to order the clerks of the Superior and District Courts to

transmit to us the murder indictments against Marzilli as well as the original complaints and warrants.

The papers we sent for are now here. They disclose that on May 26, 1970, a grand jury returned secret indictments against Marzilli for the same murders previously charged in the District Court's complaints and warrants; and that thereafter on September 4, 1970, conformably to the practice customarily followed when a secret indictment is returned on a pending District Court charge, the warrants and complaints were dismissed. One of the consequences of those dismissals was that there was nothing further for the District Court to adjudicate. Marzilli thereby became entitled to be discharged from the custody in which he was being held under its process[1] and his right to be free from that restraint rendered moot his petition for habeas corpus for admission to bail thereon. It also mooted all other matters ancillary to or forming an integral part of that proceeding. Among those matters was this petition which seeks a decision on the validity of the outstanding subpoena ordering the production of public assistance records.

The petition for certiorari is denied and dismissed; the writ heretofore issued appearing to have been improvidently issued is quashed; and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

ROBERTS, C. J. and PAOLINO, J., did not participate.

---

[1]The papers in a pending original petition for habeas corpus (No. 1250 M.P.) filed in this court on December 3, 1970, disclose that Marzilli, following the return of the secret indictments charging him with murder, applied to the Superior Court on June 16, 1970, to be admitted to bail. After extensive hearings during which no request was made for any of the Social Welfare Department's public assistance records, that application was denied.

*Dennis J. Roberts, II, Carmine A. Rao, Harold I. Kessler,* for plaintiff-respondent.

*Donald P. Ryan,* Asst. Attorney General, *Paul J. Bordieri,* Department of Social Welfare, for defendant-petitioner.