274 A.2d 902.
DANIEL H. MARZILLI *vs.* FRANCIS A. HOWARD, *Warden.*

MARCH 18, 1971.

PRESENT: Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   On May 26, 1970, Daniel H. Marzilli was arraigned in the Superior Court on two indictments each of which charged him with murder.   After pleading not guilty to each indictment, and requesting a speedy trial, he was held without bail and committed to the Adult Correctional Institutions where he has since been confined. He is before us on a petition for a writ of habeas corpus asking alternatively either to be discharged from restraint and to have the indictments against him dismissed or to be admitted to bail.

The constitution of this state in article I, section 10, guarantees an accused the right to enjoy a speedy trial. That guarantee was implemented by the Legislature in G. L. 1956 (1969 Reenactment) §12-13-7, a section which provides, insofar as here pertinent, that a person indicted for treason against the state, murder, robbery, rape, arson or burglary shall, if he demand a trial, be tried or bailed within six months after the time he pleads to that indictment.

In this state, as is true generally in other states, the guarantee of the right to enjoy a speedy trial, either under the constitution or the implementing legislation, is not without qualifications.   One is that the right may be waived by a failure to assert it.   *Ramsdell* v. *Langlois*, 100 R. I. 468, 471, 217 A.2d 83, 86; *Orabona* v. *Linscott*, 49 R. I. 443, 445, 144 A. 52, 53; *In re Deslovers*, 35 R. I. 248,

251, 86 A. 657, 658, *aff'd on rehearing,* 35 R. I. 256, 86 A. 659. Another makes the right dependent on whether any undue delay in granting the request for a trial is attributable to the conduct of the accused. *Ramsdell* v. *Langlois, supra; In re Deslovers, supra.* In any event, whether the delay is so unreasonable as to amount to an infraction of the right and, therefore, to require a consequent dismissal of the indictment depends upon all of the circumstances. *Ramsdell* v. *Langlois, supra.*

In this case during the more than six months which have intervened since the indictments were pleaded to and a prompt trial asked for, petitioner has at various times initiated a series of pre-trial procedures. Some were designed to achieve an immediate dismissal of the indictments; others to elicit information which hopefully would better enable him to defend against those indictments. Included were motions for a bill of particulars, for discovery, to quash the indictments, for access to the names of material witnesses, for a change of venue, for production and inspection of tangible evidence, and for production of records. Some of those motions and requests were not made until after the instant habeas petition had been filed; and at least one was pending in the Superior Court when this case was argued in this court. In addition, at the time of the commencement of this proceeding there was pending in this court a separate proceeding which raised the question of whether petitioner had a right of access to records in the possession of the Department of Social Welfare relating to the administration of public assistance, those records having been represented by him to be essential to the preparation of his defense. That proceeding has since been resolved. *Marzilli* v. *Giorgio,* 108 R. I. 139, 273 A.2d 309.

On the foregoing record it appears that the failure to accede to petitioner's request for a prompt trial was, at least in part, occasioned by his own pre-trial maneuvering.

In those circumstances *Ramsdell* v. *Langlois, supra,* tells us that neither the constitution nor the pertinent legislation requires or even suggests that the indictments be dismissed.

That petitioner is not entitled to a dismissal of the indictment does not mean that he should be denied bail. The right to be bailed stems from the constitution and is supplemented by legislation. It, like the right to a speedy trial, is qualified, but in a different sense. Article I, section 9 of the state constitution guarantees to any person imprisoned awaiting trial the right to be bailed by sufficient surety, except if the offense for which he is held is punishable by death or life imprisonment, and even then the right will not be denied, if the state is unable to establish that proof of his guilt is evident or the presumption thereof great. *Taglianetti* v. *Fontaine,* 105 R. I. 596, 253 A.2d 609. Supplementing that constitutional guarantee the Legislature provided in §12-13-7, that a person shall be bailed, although not constitutionally entitled thereto, six months following his plea to an indictment, if he demands and is denied a trial.

When we draw upon these principles in this case where petitioner has been confined without bail for almost ten months since he pleaded and has not had the trial he requested, it becomes obvious that the legislative directive mandates that he be taken forthwith before a justice of the Superior Court to be bailed and for a determination by that court whether bail shall be with surety or under personal recognizance.

That petitioner was previously denied bail in the Superior Court after a *Taglianetti* hearing is of no concern. The application was filed within one month after he had pleaded to the indictments and it was the right to be bailed guaranteed by the constitution that he was invoking. He failed to qualify only because the state was able to sustain its

burden of establishing that proof of his guilt was evident or the presumption thereof great. In prosecuting this petition, however, petitioner is seeking release from custody under the supplementing legislation, rather than the constitution, and it says that one like petitioner, imprisoned under a murder indictment for more than six months after he has pleaded shall, except in circumstances not here material, be bailed if he does not receive the trial he requests.

The petition for the writ of habeas corpus is granted and the respondent is directed to present the petitioner to the Superior Court forthwith so that he may be bailed and for further proceedings in accordance with this opinion.

ROBERTS, C. J. and PAOLINO, J., did not participate.

*Dennis J. Roberts, II, Carmine A. Rao, Harold I. Kessler,* for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.