265 So.2d 397 (1972)
STATE of Florida, Appellant,
v.
Homer Ronald EARNEST, Appellee.
No. Q-230.
District Court of Appeal of Florida, First District.
July 25, 1972.
Rehearing Denied August 29, 1972.
*398 Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellant.
Hamilton D. Upchurch, of Upchurch & Upchurch, St. Augustine, for appellee.
WIGGINTON, Judge.
This appeal by the State of Florida questions the correctness of a final judgment rendered by the trial court discharging defendant-appellee and dismissing the case pending against him on the ground that he was not afforded a speedy trial in accordance with the requirements of law.
The motion for discharge filed by appellee herein was upon the sole ground that the State of Florida had failed to afford him a trial within 180 days from the filing of the information against him. In the judgment discharging appellee and dismissing the cause the trial court found and so recited that although appellee's privately employed attorney had orally agreed with the State of Florida to delay the trial of the cause to a date beyond the 180-day limitation contained in the speedy trial rule, such agreement by counsel was without the knowledge of appellee and without being fully advised of his rights to a speedy trial. The court thereupon concluded that the oral agreement for delay of the trial entered into between appellee's attorney and the State of Florida was not binding on appellee and therefore ordered that he be discharged and the case dismissed.
The sole question presented for our determination is whether an attorney representing a defendant charged with a crime may effectively waive the defendant's right to be tried within the time limitations set forth in the speedy trial rule without first having explained to defendant his rights under the provisions of the rule and securing his consent to enter into such an agreement.
Rule 3.191(d) (2), R.Cr.P., 33 F.S.A., which specifies the conditions under which the time for placing on trial a defendant charged with a crime may be extended is as follows:
"The periods of time established by this Rule for trial may at any time be *399 waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused."
From the record it affirmatively appears that the requirements of the foregoing provisions of the rule were not strictly complied with in the case sub judice because the stipulation between defendant's counsel and the prosecuting attorney was not reduced to writing and signed by them, nor was the agreement made in open court and made a part of the record.[1] No written motion for an extension of time for trial was made by defendant or his attorney, nor did defendant or his attorney sign a written waiver of his right to a speedy trial. Furthermore, no order was entered by the court extending the time of trial beyond the 180-day time limitation in accordance with the agreement of the attorneys.
The agreement with which we are here concerned was an oral out-of-court informal understanding between defendant's counsel and the state attorney that the setting of a trial date in this case would be deferred until after an interlocutory appeal in a companion case involving a controlling question of law raised by defendant herein was decided by the appellate court in which the appeal was then pending. We are therefore faced with the question of whether, irrespective of noncompliance with the foregoing provisions of the speedy trial rule, defendant effectively waived his right to be tried within the time limitations of the rule because of the agreement entered into between his attorney and the State, even though the agreement was made without defendant's knowledge, consent, or understanding of his lawful rights.
In State ex rel. Leon v. Baker[2] the Third District Court of Appeal held that acquiescence by defendant to the postponement or continuance of his trial beyond the time limited by the statute granting him the right to a speedy trial will constitute a waiver of his rights under the statute. In this decision the court cited with approval the case of State v. Holloway[3] decided by the Supreme Court of Connecticut in which it was held that a defendant's right to a speedy trial under the constitution and applicable statutes of the state may be waived where he consents to delay or both prosecution and defense agree upon or stipulate for postponement. In the Baker case the court also cited with approval the decision rendered in Ramsdell v. Langlois[4] in which it was held by the Supreme Court of Rhode Island that defendant's right to a speedy trial was waived by silently sitting by and interposing no objection to an announcement by the court that the trial of his case was being continued to a future date beyond the time limited for affording him a speedy trial.
The principles established by the foregoing decisions by courts of last resort conform to the general rule governing waiver of a defendant's right to a speedy *400 trial. It is uniformly held that such a right is a personal one which may be waived by the act or conduct of a defendant or his attorney. It appears to be the accepted law that waiver of a defendant's right to a speedy trial will result where both his attorney and the prosecuting officer agree upon or stipulate for a postponement of the trial, or where the defendant or his counsel consents to or acquiesces in a delay sought by the prosecution. Such waiver has been held to result even in jurisdictions like Florida where the burden is on the state, rather than the accused, to call the case for trial.[5]
In the case sub judice it was in the interest of defendant-appellee, as well as the State, for trial of this case to be deferred until an interlocutory appeal in a companion case then pending in the appellate court was concluded. The question in that appeal involved the correctness of the trial court's order denying appellee's motion to suppress evidence seized by the State in that case. If the decision on that appeal resulted in appellee's favor, then the charge against him in the case sub judice would of necessity have to be dismissed. Defendant's attorney, being a competent professional in the field of criminal law, was fully qualified to understand and appreciate the importance of delaying the trial of this case until the companion case then on appeal was finally concluded. The benefits which appellee stood to gain as a result of the delay of his trial in this case were self-evident. It would indeed be anomalous to hold under the circumstances here present that our system of administering criminal justice is such as would permit appellee to reap the full benefits of the delay of his trial to which his attorney agreed and thereafter to assert such delay as grounds for dismissing the charge against him merely because he was neither informed nor gave his express consent to the delay. To so hold would not only make a mockery of the law but would seriously impair the ability of our trial courts to dispatch in an efficient manner the crushing load of criminal cases pending in those courts. It would virtually destroy the court's ability to progress criminal prosecutions in an orderly fashion if stipulations and agreements between prosecuting attorneys and counsel for defendants could not be recognized as effectively binding unless reduced to writing, signed and filed in the cause, and record proof be made that the agreement was fully explained to defendant and knowingly, intelligently, and understandingly consented to by him. We do not believe that the speedy trial rule adopted by our Supreme Court was ever intended to be so strictly construed as to impose such an unreasonable requirement on the courts of this state. We believe the principles announced by the Supreme Court of Montana in the case of State v. Turlok[6] to be fully applicable to the case sub judice. In that case the question arose as to whether the stipulation by defendant's attorney to postpone the trial of his case beyond the time limitations of the statute granting him the right to a speedy trial was binding on defendant in the absence of his prior consent thereto. In answering that question in the affirmative the court held that an attorney, by virtue of his employment, has implied authority to do all acts necessary and proper to the regular and ordinary conduct of the case which affect the remedy and not the cause of action, and in the absence of fraud such acts will be binding on the client even though done without consulting him and even against his wishes.
It is appellee's position that his right to a speedy trial is a substantive right constitutionally guaranteed and as such it cannot be waived by his attorney without his prior knowledge and consent. In support of this position he cites wellconsidered opinions of other courts involving a defendant's right to assert former jeopardy in cases where his trial jury was *401 discharged in accordance with stipulation of his counsel but without his express authority. Without questioning the soundness of the principles of law enunciated in the decisions relied on by appellee, it is our view that they are not applicable to the case sub judice. Although it is true that a defendant charged with a crime in this state is constitutionally guaranteed the right to a speedy trial, the time within which such trial must be held has been fixed by a rule of procedure adopted by the Supreme Court pursuant to the authority conferred upon it by our constitution and the legislature of our state.[7] A defendant's right to be tried within 180 days from the time an information is filed against him is therefore a procedural right as distinguished from a substantive right, and may be waived by his attorney without the necessity of securing his prior informed consent.
For the reasons hereinabove set forth, it is our view that the trial court erred in discharging appellee and dismissing the information filed against him on the sole ground that his attorney's agreement to postpone the trial of his case beyond the 180-day time limitation was not binding on him because it was done without his prior knowledge and consent. The judgment appealed is therefore reversed and the cause remanded for further proceedings.
SPECTOR, C.J., and JOHNSON, J., concur.
NOTES
[1] Eastwood v. Hall (Fla.App. 1972) 258 So.2d 269.
[2] State ex rel. Leon v. Baker (Fla.App. 1969) 229 So.2d 595.
[3] State v. Holloway, 147 Conn. 22, 156 A.2d 466, cert. den. 362 U.S. 955, 80 S.Ct. 869, 4 L.Ed.2d 872.
[4] Ramsdell v. Langlois (1966) 100 R.I. 468, 217 A.2d 83, 86.
[5] 21 Am.Jur.2d 289, 290, Criminal Law, § 253.
[6] State v. Turlok (1926) 76 Mont. 549, 248 P. 169.
[7] Art. V, § 3, Constitution of Florida, 1968, F.S.A.

"Practice and procedure.  The practice and procedure in all courts shall be governed by rules adopted by the supreme court."
F.S. § 918.015(2), F.S.A.
"The supreme court shall, by rule of said court, provide procedures through which the right to a speedy trial as guaranteed by subsection (1) and by § 16, Art. I of the state constitution shall be realized."