March 25, 1977.

M. P. No. 76-467. and C. A. No. 77-98. RICKIE COCHRANE v. WILLIAM LAURIE, *Assistant Director of Adult Services* and STATE v. RICKIE COCHRANE. We have consolidated a habeas corpus petition seeking pre-trial bail and an appeal from the denial of the petitioner's motion for bail which was heard by a justice of the Superior Court. The record before us indicates that on November 12, 1975, the petitioner was indicted by a Washington County grand jury in a two-count indictment which charged him with conspiracy to murder and murder. On December 1, 1975, the petitioner appeared in the Superior Court and pleaded not guilty to both counts. Later in the month, court-appointed counsel entered his appearance for the petitioner. In early April 1976, the Superior Court revoked the appointment of counsel and appointed another in his place. The petitioner lodged a strenuous and vulgar objection to the court's choice of substitute counsel. On May 21, 1976, the trial justice granted the petitioner's motion that John F. Cicilline

be appointed as his attorney. At that time the petitioner was well aware that Mr. Cicilline was about to be involved in a criminal trial that would and did extend well into the summer.

The first indications of any action being taken by petitioner were two motions which were filed on November 8; one sought a change of venue, and the other asked that the case, which was scheduled to begin on November 8, be passed for a period of at least 60 days. Each motion was based upon the allegations that prejudicial information had been widely disseminated by the news media. The motion to pass was granted, and the case was assigned for trial on January 10, 1977. Later, in mid December, the motion for a change in venue was denied, and at the same hearing the trial justice denied a motion in which petitioner asked that he either be admitted to bail or the case be transferred to Providence County for immediate trial. The present petition followed that denial.

The jury trial began in Washington County as scheduled and terminated when the case was once again passed on petitioner's motion. The basis for the 1977 motion was a newspaper account of an incident that occurred during the trial in the courtroom. Thereafter, petitioner filed another motion for bail. It was denied. The petitioner then filed an appeal from that denial and asked that his appeal be consolidated with the habeas corpus petition because the issues were identical. We would point out that a review in this court of a denial of bail in the Superior Court is had by way of habeas corpus and not by an appeal. Consequently, while we have granted the consolidation request, we will deny the appeal pro forma but use the record of the November 1976 and January 1977 denials of bail as the basis for our consideration of the habeas corpus petition.

The same trial justice presided over both bail hearings. In January he alluded to our recent holding in *Fountaine* v. *Mullen*, 117 R.I. 262, 366 A.2d 1138 (1976), where we said that a trial court could still grant bail even in those instances where

proof of guilt is evident or the presumption great. In doing so, the trial justice applied the guidelines set forth in *State* v. *Abbott and Freeman*, 113 R.I. 430, 322 A.2d 33 (1974), and found that Cochrane was a bad risk. In reaching this conclusion, he alluded to Cochrane's criminal record and his post homicide flight from Rhode Island. The trial justice also referred to the 6-months proviso found in G.L. 1956 (1969 Reenactment) §12-13-7, but ruled that it was not applicable because petitioner had been reached for trial and the case had been passed on his motion. In pertinent part, this statute reads as follows:

"Every person who shall be indicted for any of the crimes named in §12-13-5, [treason against the state, murder, robbery, rape, arson, or burglary] and shall be imprisoned under the indictment, shall be tried or bailed within six (6) months next after the time at which he shall plead to such indictment, if he demand a trial * * *."

Over a half century ago in *In re Deslovers*, 35 R.I. 248, 86 A. 657 (1913), this court made it clear that §12-13-7's mandate for trial or bail becomes operative only if the accused has demanded a trial. *See also State* v. *Palmigiano*, 111 R.I. 739, 306 A.2d 830 (1973). At other times we have said that even where the demand has been made, there may be circumstances where the statutory right to be bailed could be lost where one like Cochrane, imprisoned under a murder indictment for more than 6 months after his plea, does not receive the trial he requests. *Marzilli* v. *Howard*, 108 R.I. 309, 274 A.2d 902 (1971). The record before us presents just such circumstances.

Some 5 months after the indictment was returned Cochrane was in court complaining about the trial justice's selection of counsel. The record also shows that he was willing to wait in jail while his personal choice completed his chores in a prolonged criminal proceeding. It is clear that the petitioner cannot claim a statutory right to bail when the delay between the indictment's return and the start of trial is attributable to

either his desire to wait upon the availability of counsel of his choice or his attempts to pass the case or seek a change of venue. Furthermore, in looking at his constitutional right to bail, we bear in mind the trial justice's observation about the petitioner's "propensity for leaving the jurisdiction." In this regard we find ourselves in agreement with the trial justice's conclusion that there is a justifiable apprehension that the petitioner, if free on bail, would flee the jurisdiction.

Accordingly, the defendant's appeal is denied and dismissed pro forma, and it is hereby ordered that the petition for habeas corpus be denied and dismissed. Bevilacqua, C.J., not participating. *Julius C. Michaelson,* Attorney General, *John R. McDermott,* Special Asst. Attorney General, for State. *Bevilacqua & Cicilline, John F. Cicilline,* for Rickie Cochran.