406 A.2d 1246.

HAROLD TILLINGHAST *et al. vs.* JOHN J. MORAN.

SEPTEMBER 4, 1979.

PRESENT: Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J. This is a petition for habeas corpus wherein the petitioners, Harold Tillinghast and Gerald Tillinghast (defendants), sought an order admitting them to bail in accordance with the provisions of G.L. 1956 (1969 Reenactment) §12-13-7, as amended by P.L. 1974, ch. 118, §12. The petition was denied by order of this court dated July 17, 1979. This opinion sets forth the reasons for that order.

The defendants were jointly indicted by a grand jury in Kent County on charges of murder and receiving stolen

goods. They were arraigned and pleaded not guilty to the charges on December 11, 1978. A motion for a change of venue to Providence County was granted on that same date.

On December 14, 1978, defendants were afforded a bail hearing in accordance with the principles enunciated in *Taglianetti v. Fontaine*, 105 R.I. 596, 253 A.2d 609 (1969), and were committed without bail. On December 22, 1978, motions for speedy trial were filed. These motions were renewed on May 23, 1979. Counsel for defendants contend, without contradiction, that the 6-month statutory period within which defendants were entitled to be either tried or admitted to bail expired on June 11, 1979.

The indictment was assigned for trial to May 21, 1979. On May 17, attorney John Cicilline, counsel for Gerald Tillinghast, was engaged in trial in the state of Louisiana. Mr. Cicilline, however, asked for an opportunity to be heard on the status of the case on May 18, because he believed that a continuance might be required due to the unavailability of certain evidence which had been deposited for analysis with the Federal Bureau of Investigation (FBI) in Washington, D.C. A Superior Court justice heard the parties on this issue. At this hearing, attorney William A. Poore, counsel for Harold Tillinghast, suggested to the court that another justice of the Superior Court had granted a motion of defendant to examine the evidence which had been placed with the FBI but that this examination had not taken place and could not occur prior to the date set for trial. Initially the trial justice was extremely reluctant to grant the continuance, but after counsel for the state represented that 96 items of evidence were in the custody of the FBI and would not be available on May 21, the justice continued the case to a date 14 days subsequent to the date upon which this evidence became available.

The parties represented at oral argument, and a review of the record revealed that the evidence actually became available on May 24, 1979, so that under the terms of the continuance order, a new trial date was set for June 7, 1979. On that

date a different trial justice had been assigned to try the case. Counsel for one defendant was engaged in another trial and was not available to go to trial in the instant case. As a consequence, the trial justice ordered that counsel should confer with the court on June 8, 1979, concerning the trial schedule. The discussion which took place on June 8 among the trial justice and attorneys for defendants is unrecorded. The state's attorney, who had been present at the conference, suggested for the record at oral argument that everyone at the conference agreed that the voir dire examination of jurors should begin on June 18, rather than June 11, 1979, because a new group of jurors would be available on the later date. Empanelling on June 18 would guarantee a diminution of holdover requirements for jurors during what was expected to be a lengthy empanelling and trial period.[1] Mr. Cicilline, attorney for one defendant, suggested at oral argument that he raised no objection to beginning the voir dire examination on June 18, but contended during argument that this should not affect the speedy trial motions which had been previously filed.

Meanwhile, defense counsel had filed a motion to dismiss the indictment on June 7, 1979, together with a motion to set bail. It should also be noted that on June 8, 1979, defendants filed a supplemental response to the state's request for discovery. On June 13, 1979, the trial justice heard defendants' motions to dismiss and to set bail. On June 14, the trial justice denied defendants' motions and announced that the voir dire examination of jurors would commence on June 18, 1979. The parties agree that the trial began on said date. The defendants argue that since the trial did not begin on or prior to June 11, 1979, they were entitled to bail under the provisions of §12-13-7 which reads as follows:

---

[1] The record discloses that empanelling of the jury began on June 18, 1979, and proceeded steadily until it was concluded on July 9, 1979. The jury was sworn on July 10, 1979.

> "Every person who shall be indicted for or charged by information with treason against the state, murder, robbery, rape, arson or burglary and shall be imprisoned under the indictment or information, shall be tried or bailed within six (6) months next after the time at which he shall plead to such indictment or information, if he demand a trial, unless it shall appear to the court that some material witness in behalf of the state has been enticed away or is prevented from attending court by some unavoidable accident."

This court has considered the statutory right to bail where a defendant has not been tried within 6 months in *Marzilli* v. *Howard*, 108 R.I. 309, 274 A.2d 902 (1971); *Ramsdell* v. *Langlois*, 100 R.I. 468, 217 A.2d 83 (1966); *In Re Deslovers*, 35 R.I. 248, 86 A. 657 (1913), and most recently in *Cochrane* v. *Laurie*, 118 R.I. 903, 371 A.2d 605 (1977). The holdings of all of the foregoing cases were aptly summed up in the order issued in *Cochrane* v. *Laurie, supra.*

> "Over a half century ago in *In Re Deslovers*, 35 R.I. 248, 86 A. 657 (1913), this court made it clear that §12-13-7's mandate for trial or bail becomes operative only if the accused has demanded a trial. *See also State* v. *Palmigiano*, 111 R.I. 739, 306 A.2d 830 (1973). At other times we have said that even where the demand has been made, there may be circumstances where the statutory right to be bailed could be lost where one like Cochrane, imprisoned under a murder indictment for more than 6 months after his plea, does not receive the trial he requests." 118 R.I. at 905, 371 A.2d at 606-07.

The court went on to point out that the petitioner in that case, although he had claimed a speedy trial, was largely responsible for the delay in his trial because he desired to wait for the availability of counsel of his choice. Additional delay was brought about by the petitioner's pretrial motions.

In the case at bar, it appears that the state was ready to proceed with trial on June 7, but counsel for one defendant was unavailable on that date. On June 8 the trial justice held

a conference to determine the future course of the case. He had been assigned to try the matter and was prepared to go forward with all necessary proceedings until the trial had been completed. It is apparent that for strategic reasons the state and counsel for defendants agreed to begin with a new panel on June 18. It is generally believed among trial lawyers that a lengthy trial is best begun with a fresh jury panel as opposed to one whose members' service is either completed or who are already holding over beyond their 2 weeks of service.

Counsel for defendants do not deny this agreement, but rather take the incongruous position that it should not affect the motions for speedy trial and the running of the 6-month period. We are of the opinion that counsel cannot agree on the one hand to the commencement of a trial on a given date and at the same time complain that the trial has not been held at an earlier date. Just as a demand for a speedy trial must be filed in order to trigger the running of the 6-month period, so also the conduct of defendants must be consistent with such a demand. In this case defendants' conduct in filing a pretrial motion to dismiss and to set bail on June 7, for practical purposes, guaranteed that the court would be required to hear these matters on and after June 11. This conduct was quite inconsistent with a demand that a trial occur on or before that date.

From the record as presented to us, it clearly appears that the trial date of June 18 was selected by the parties without objection having been asserted by either of the defendants.[2] It was for this reason that the trial justice devoted a portion of the intervening time to a disposition of the pretrial motions. Had he been alerted to the position presently advocated by the defendants, he could readily have begun the voir dire examination on or before June 11, prior to the expiration of the statutory period. We do not believe that under all of the circumstances the defendants have established entitlement to bail.

[2]At the hearing on June 13, 1979, on the defendants' motion to dismiss and motions for bail, counsel for Harold Tillinghast asserted that he had been ready to go to trial on June 7, 1979. We believe this fact is irrelevant in light of the agreement of this party as well as that of other parties in the selection of June 18 as the date for commencement of trial.

For the reasons stated, we denied the petition for habeas corpus in an order entered by this court on July 17, 1979.

Chief Justice Bevilacqua did not participate.

*John F. Cicilline, Joseph A. Bevilacqua, Jr., William A. Poore,* for petitioners.

*Dennis J. Roberts,* Attorney General, *Stephen R. Famiglietti, Thomas H. Caruolo,* Assistant Attorneys General, for respondent.