In the Matter of the Petition of CHARLES A. PERRY for a Writ of *Habeas Corpus*.

Since the abolition of capital punishment in this state, persons charged with murder are in all cases bailable.

APPLICATION for a Writ of *Habeas Corpus*.

The petitioner was imprisoned in the common jail of Wal worth county, under a commitment from a justice of the peace for said county, dated June 27th, 1865, which stated in the usual form that he had been charged with the crime of murder committed upon one Shay, and that there was reasonable cause to believe him guilty, &c. The county judge of said county refused an application of the prisoner to be admitted to bail, on the ground that his right to bail was doubtful.

The constitution of this state, sec. 8, Art. I, provides that " All persons shall before conviction be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great." By ch. 103, Laws of 1853, capital punishment is abolished in this state.

*Spooner & Harkness*, for petitioner.

*A. O. Babcock*, District Attorney for Walworth county, *contra*, contended that offenses which were punishable with

death at the time of the adoption of the constitution of this state, are not rendered bailable by the abolition of that form of punishment, citing *Wilson v. The State*, 1 Wis., 184, and arguing that this principle of interpretation is followed in those cases where this court has held that the constitutional privilege of a trial by jury secures the right to a common law jury of twelve men.

*By the Court,* DOWNER, J. The court are of opinion that since the abolition of capital punishment in this state, persons charged with murder are in all cases bailable.

The motion is granted.