Bevis, J.
 

 That prohibition does not lie to control the discretion of courts or officers is a proposition too well settled to require elaboration. We are not, therefore, concerned with the result of the hearing upon the motion for bail, but only with the jurisdiction of the court of common pleas to hear and decide the motion.
 

 Have the courts of common pleas in Ohio jurisdiction in capital cases to hear and determine before trial applications for bail, or are they precluded, for want of jurisdiction, from admitting to bail under any circumstances any person who is under indictment and awaiting trial for a capital offense?
 

 Under constitutional authority, the Legislature of Ohio has undertaken to deal with this subject. Article IY, Section 4, of the Constitution of Ohio, reads:
 

 “The jurisdiction of the courts of common pleas, and of the Judges thereof, shall be fixed by law.” Section, 13435-9, General Code, reads in part as follows :
 

 “In all cases in which an indictment is returned or information filed in the court of common pleas, such court shall require the accused to enter into a recognizance in such an amount as the court shall fix. ’ ’ Section 13435-2, General Code, reads as follows :
 

 “In cases of felony the amount of the bail shall be fixed by the judge or magistrate, but in cases of misdemeanor such amount shall be fixed by the judge, magistrate or clerk of the court. The amount of the bond shall be fixed with consideration of the seriousness of the offense charged, the previous criminal record of the defendant and the probability or improbability of his appearing at the trial of the cause.”
 

 
 *316
 
 It would thus appear that courts of common pleas have jurisdiction to admit to bail in all cases except those in which these statutes are overridden by the Constitution itself.
 

 Relator in this connection invokes Article I, Section 9, of the Constitution of Ohio, which says:
 

 “All persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident, or the presumption great.”
 

 Relator’s contention, logically developed, seems to be that an indictment for a capital offense in and of itself raises a presumption of guilt so strong as to be conclusive. But, under this construction, the words “where the proof is evident or the presumption great” became mere words of description rather than words of qualification; in effect, surplusage. Such a construction is so contrary to the canon which requires that effect be given, if possible, to all the words of a document, that we are forced to the conclusion that some tribunal must have jurisdiction to determine whether the proof be so evident or the presumption so great as to require the denial of bail.
 

 That this determining tribunal is the court in which the case pends for trial is likewise so obvious a deduction from the Constitution and the statutes that its mere statement without argument would seem sufficient. As put by Judge Matthias in his dissenting opinion in
 
 State, ex rel. McClintock, Pros. Atty.,
 
 v.
 
 Diehl, Judge,
 
 115 Ohio St., 454, at page 457, 154 N. E., 726:
 

 “Who is to decide whether the proof be evident or the presumption great? This question was asked and answered by the Supreme Court in the case of
 
 State
 
 v.
 
 Summons,
 
 19 Ohio, 139, as follows:
 

 “ ‘Most undoubtedly, the same authority which prescribes the amount of bail and passes upon the sufficiency of the sureties.’ ”
 

 Suggestion was made in relator’s argument that the words, “where the proof is evident or the presumption
 
 *317
 
 great,” may be given effect in authorizing a hearing upon the question of bail after a trial has been had upon the merits. But, according to this argument, refusal of bail would then be governed by the proof, and the presumption would cease to have significance. Plainly, the words in question must cover proceedings before as well as after trial.
 

 Indeed, the conclusion, that under our Constitution and the statutes enacted pursuant thereto ¿he court of common pleas has jurisdiction to determine before trial whether the accused may be admitted to bail, is so apparent that we should have little- difficulty with the question were it not for the holding of the majority of this court in
 
 State, ex rel. McClintock, Pros. Atty.,
 
 v.
 
 Diehl, Judge, supra.
 
 In that case, in a
 
 per curiam
 
 opinion, the majority of the court overruled a demurrer to the petition of the prosecuting attorney which challenged the jurisdiction of the court of common pleas before trial to hear and determine the right of a person under indictment for first degree murder to be admitted to bail. Upon the authority of
 
 Kendle
 
 v.
 
 Tarbell, Judge,
 
 24 Ohio St., 196, the jurisdiction of the court of common pleas was denied. No other reason was assigned.
 

 Strictly speaking we do not think the
 
 Kendle case
 
 is authority for this holding. In that case mandamus was sought in this court to compel two things: (1) To compel the common pleas judge to convene an examining court, under Sections 48 and 53 of the Criminal Code then in force; and (2) to hear in the court of common pleas the evidence offered by the accused upon his application to be admitted to bail before trial for first degree murder.
 

 The court found that Sections 48 and 53 of the Criminal Code were not applicable to persons held in custody under indictment, and refused to order the examining court convened.
 

 This court, upon consideration of the second propo
 
 *318
 
 sition, found that “there were no special circumstances relied on as grounds upon which the court was asked to entertain the motion,” and refused to order the common pleas judge to hear the testimony. This latter holding- only is here in point.
 

 Was the refusal of a writ of mandamus to compel the court of common pleas to hear evidence in support of an application for bail tantamount to a holding that such court of common pleas had no jurisdiction to entertain such an application? We do not think so.
 

 Judge White, who wrote the opinion in the
 
 Kendle case,
 
 apparently did not think that he was denying the jurisdiction of the lower court. In his opinion, at page 200, he says:
 

 “We are not called upon by the facts of this case to enter into an examination of the circumstances under which it would be competent or proper, if at all, for the court, in which an indictment is pending for a capital offense, to hear testimony, otherwise than on the trial, for the purpose of showing that the offense was in fact bailable.”
 

 But, while the trial court’s jurisdiction to hear and determine the application for bail was not denied in the
 
 Kendle case,
 
 this court did refuse to order the application heard. We think the order should have been made. If jurisdiction to hear the application for bail resides in the trial court, the accused has a right to invoke that jurisdiction. The
 
 McClintock case
 
 and the second paragraph of the syllabus of the
 
 Kendle case
 
 are accordingly overruled.
 

 The relator bases his argument for allowance of the writ largely upon the practical consideration that a prosecuting attorney must hesitate, in these days of gang violence, to disclose the identity of his witnesses in making a showing, before trial, of such guilt as to warrant the court in refusing bail.
 

 In
 
 Kendle
 
 v.
 
 Tarbell, supra,
 
 at page 200, Judge White says:
 

 
 *319
 
 “ The indictment raises the presumption required by the constitution to justify the refusal of bail.”
 

 In our opinion this is correct. The indictment creates no presumption against the defendant
 
 upon the trial,
 
 but before the trial it raises a presumption sufficient to warrant his arrest, and, in a proper case, to warrant his being held in custody until his guilt or innocence is determined.
 

 It does not follow, however, that this presumption, raised by the indictment, is so great that it cannot be rebutted. Upon the hearing of an application for bail, the state may rest upon this presumption; it need offer no evidence unless it chooses; and the accused may offer any evidence he has in support of his application. It is then competent for the trial court to determine whether the presumption has or has not been rebutted.
 

 We are therefore of the opinion that the court of common pleas has jurisdiction to hear the application for bail, before trial, and relator’s petition for a writ of prohibition is denied.
 

 Writ denied.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias and Zimmerman, JJ., concur.