253 A.2d 609.

LOUIS J. TAGLIANETTI *vs.* JEAN MARC FONTAINE, *Sheriff of Providence County and/or* HAROLD V. LANGLOIS, *Warden.*

MAY 28, 1969.

PRESENT: Roberts, C. J., Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition for habeas corpus wherein the petitioner seeks to be admitted to bail pending his trial on the charge of murder. Application was made to this court after petition for the same relief had been heard and denied by a justice of the superior court.

Under Rhode Island law, a defendant convicted of murder in the first degree must be sentenced to life in prison. The portion of Article I, Sec. 9 of the Rhode Island Constitution which is relevant hereto reads as follows:

"All persons imprisoned ought to be bailed by sufficient surety, unless for offences punishable by death[1] or by imprisonment for life, when the proof of guilt is evident or the presumption great."

The issues presented in this cause are of first impression in this state. We must first determine who carries the burden of proof at a hearing for bail under our constitutional standard. Is it for the prosecution to show that the proof of guilt is evident or the presumption great, or rather should the defendant come forward with evidence sufficiently exculpatory to secure his own release? Secondly, we decide what weight, if any, is to be given a grand jury indictment at the hearing on bail.

Before us, petitioner points to Article I, Sec. 9 and to the constitutional presumption of innocence[2] and argues that together they require the state to show that an accused is not entitled to bail as a matter of right. In response the state contends that the burden is upon the accused to establish his right to bail and further argues that the grand jury's return of an indictment is ipso facto proof that guilt is evident or the presumption great.

---

[1]Rhode Island has abolished the death penalty in all but one instance. G. L. 1956, §11-23-2 provides that any person who shall commit murder while under a sentence of life. imprisonment shall be hanged.

[2]Article I, Sec. 14 of our constitution states: "Every man being presumed innocent, until he is pronounced guilty by the law, no act of severity which is not necessary to secure an accused person shall be permitted."

At early common law, the grant of bail was not a matter of right but rested in the sound discretion of the court or magistrate to whom application had been made. *Fischer* v. *Ball,* 212 Md. 517, 129 A.2d 822; *State* v. *Pett,* 253 Minn. 429, 92 N.W.2d 205. However, most states now limit the discretion found in the common law by providing a specific constitutional or statutory guarantee that all accused persons shall be entitled to bail except in certain cases. Today, there are over 40 states that have a constitutional provision for bail which is substantially identical to Article I, Sec. 9 of the Rhode Island Constitution. See Constitutions of the United States, Vols. 1 and 2, Columbia University (ed. 1962).

We believe it is clear from the language of Sec. 9 that bail was to be withheld from an accused charged with a crime carrying a punishment of life imprisonment only when the proof of his guilt or the presumption thereof was great. While the language of the constitution is plain, there have been divergent views expressed by the various courts as to where the burden rests within the exception. Generally speaking, the states which have considered this question have expressed three different points of view.

First, it has been held in several jurisdictions that the grand jury's return of an indictment for a capital offense operates ipso facto to deny the accused his liberty on bail as a matter of right. The state need go no further than to bring the indictment on the record. *McCarroll* v. *Faust,* 278 F. Supp. 448; also *People* v. *Tinder and Smith,* 19 Cal. 539.[3]

A second view holds that the return of an indictment by the grand jury raises a strong presumption that the proof

---

[3]However, the California legislature changed the law as laid down by adopting penal code §1270 which, in addition to being in pertinent part substantially the same as Article I, Sec. 9 of the Rhode Island Constitution provides that "The finding of an indictment does not add to the strength of the proof or the presumptions to be drawn therefrom."

of a defendant's guilt was evident and that the burden of proof to rebut the presumption raised by the indictment is upon the accused. *State* v. *Stuart,* 127 Ohio 314, 188 N. E. 393; *Russell* v. *State,* 71 Fla. 236, 71 So. 27; *Quillen* v. *Betts,* 48 Del. 93, 98 A.2d 770; *Fischer* v. *Ball, supra; Shaw* v. *State,* 164 Tenn. 192, 47 S.W.2d 92.

Finally, other jurisdictions hold that the grand jury's return of an indictment profits the state nothing. Rather, these courts hold, in effect, that a constitutional provision like our own confers a right upon an accused, prior to conviction,[4] to have bail fixed in every case, including capital offenses, absent a showing by the state that the applicant for bail is not entitled to release because his guilt is evident or the presumption thereof great. The courts which follow this rule place an affirmative burden upon the state when it seeks to detain an individual before trial. *State* v. *Konigsberg,* 33 N. J. 367, 164 A.2d 740; *Ford* v. *Dilley,* 174 Iowa 243, 156 N. W. 513; *Day* v. *Caudill,* Ky., 300 S.W.2d 45; *Application of Wheeler,* 81 Nev. 495, 406 P.2d 713; *Ex Parte Perez,* Tex., 428 S.W.2d 323.

It would unduly lengthen this opinion if we were to marshall and cite all the authorities supporting the respective schools of thought. They are set out in an annotation to *State* v. *Konigsberg, supra,* appearing in 89 A.L.R.2d 355. See Note: *Determination of Accused's Right to Bail in Capital Cases,* 7 Vill. L. Rev. 438.

In our opinion, the views expressed by the New Jersey court in the *Konigsberg* case are the most persuasive expressed upon the issue before us because they give meaning to the constitutional mandates that bail shall be available to an accused and a man is to be presumed innocent until

---

[4]In *Quattrochi* v. *Langlois,* 100 R. I. 741, 219 A.2d 570, we held that the question of whether a defendant pending an appeal after a jury verdict of guilty can be admitted to bail is addressed to the sound discretion of the superior court.

proven guilty. The rationale of these two provisions, we believe, is that incarceration should follow conviction—not precede it. Accordingly, it is our considered judgment that all offenses, including the offenses which call for a punishment of life in prison, are bailable as a matter of right. The right of one who is accused of a crime which is punishable by a life sentence is limited however if "proof of guilt is evident or the presumption great."

We deem it just and proper to place the burden of proof upon the state at a hearing for bail. The presumption of innocence protects an accused from the moment of indictment until adjudication of guilt. It is only logical that the state, when claiming exception to a defendant's constitutional right to bail, should be put to the task of showing that the case is one that fits within the exception.

We do not believe that an indictment has any evidentiary value relative to the accused's guilt. We take this position because of the nature of the grand jury proceedings. They are secret and wholly ex parte. Evidence is received solely from the prosecutor. The accused is neither present nor represented by counsel. Often the subject is completely unaware that charges against him are being considered; the prosecuting officer controls the selection of the witnesses who appear and testify before the grand jury and it is largely the prosecutor who advises the jurors. The court is rarely called upon during the jury's deliberation. The prosecutor is usually substantially in control of the proceedings. See *Commonwealth* v. *Stahl,* 237 Ky. 388, 35 S.W.2d 563. To hold that the accusation of murder resulting from such a proceeding establishes prima facie proof of guilt for a capital offense is to ignore that part of our constitution declaring that a man is presumed innocent until proven guilty.

In reaching our decision, we have not overlooked the prosecution's expression of concern that adoption of the

rule articulated may compel the state to disclose its evidence or the identity of its witnesses. We feel, however, that any hardship to the state in this respect must be viewed in the light of the protection afforded by Article I, Sec. 9. That section declares that *"All* persons imprisoned ought to be bailed \* \* \*."* (italics ours) Thus, in the course of our deliberations, the mandate of the constitution must be afforded greater weight than the desires of the state. If the state is concerned with the premature revelation of the identity of its witnesses, it should relax its opposition to the accused's admittance to bail and initiate the necessary steps to expedite the trial. The prosecution may not enjoy the best of both worlds. It should either oppose the bail application or set the indictment down for trial.

In the light of the views expressed here, it is clear on the record before us that the petitioner should be admitted to bail. Prior to our decision here, however, the rules governing a proceeding of this type were uncertain. We are therefore aware that an admittance to bail at this juncture is not a just disposition of this petition as far as the state is concerned. For this reason we shall remand this cause to the superior court for the fixing of bail with the proviso that the state may, if it wishes, present such evidence as it believes will bring the petitioner within the exception stated in Article I, Sec. 9 of the Rhode Island Constitution. If the state does not promptly seek a hearing, the petitioner shall be released on bail in an amount the trial justice deems sufficient.

Paolino, J. did not participate.

*John A. Varone,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Richard J. Israel,* Assistant Attorney General, for respondent.