269 So.2d 212

**STATE of Louisiana**

v.

**Ellen McDaniel FLOOD.**

**No. 52783.**

Nov. 6, 1972.

Williams & Fisher, Nathan S. Fisher, Baton Rouge, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Lee A. Hartley, Special Counsel, Wilmore J. Broussard, Jr., Dist. Atty., Robert B. Butler, III, Asst. Dist. Atty., for plaintiff-appellee.

DIXON, Justice.

We granted writs in this case, as in State v. Holmes, No. 52812, 263 La. 685, 269 So.2d 207, this day decided, to consider the effect of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), upon the administration of criminal justice in Louisiana.

The State reserved a bill of exceptions when, at a hearing to fix bond for defendant, accused of murder, the district judge ruled that C.Cr.P. 313 was no longer effective, due to the unconstitutionality of the imposition and execution of the death pen-

·alty. The district judge ruled that he would hear no testimony to determine if the "proof is evident or the presumption great." Apparently considering only the factors set out in C.Cr.P. 317, the district judge fixed bail at $10,000.

As in State v. Holmes, supra, we are met not only with statutory provisions (C. Cr.P. 312, 313) but also with constitutional [1] provisions which refer to "capital offenses." Louisiana Constitution, Article 1, Section 12, provides:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All persons shall be bailable by sufficient sureties, except the following: 1. Persons charged with a capital offense, where the proof is evident or the presumption great. Persons convicted of felonies, provided that where a minimum sentence of less than five years at hard labor is

actually imposed, bail shall be allowed pending appeal until final judgment."

Since the Furman case has eliminated "capital offenses" in Louisiana, argues the defendant, she is entitled to bail pending trial regardless of whether the proof is evident or the presumption great.

The right to bail in Louisiana is and has always been a fundamental one. Our present constitutional provision for bail tracks the language found in each of the eight preceding constitutions of this State.[2]

As far as we can determine, there have always been capital offenses in Louisiana until Furman v. Georgia, supra. Now, since there are no capital offenses in Louisiana, must we disregard part of our constitutional bail provisions, and enforce another part? We think not, as long as there is an interpretation which will give meaning and significance to the entire provision.

1. We are concerned in this case only with Louisiana constitutional requirements. The United States Supreme Court has never decided whether state provisions, which provide that no bail shall be allowed in certain crimes, violate the Eighth Amendment to the United States Constitution. However, the United States Court of Appeals for the Eighth Circuit decided, in Mastrian v. Hedmann, 326 F.2d 708 (1964), that there are offenses for which the state may constitutionally provide that the right to bail does not exist. At least one federal district court, in Arsad v. Henry, 317 F.Supp. 162 (D.C.N.C.1970), and one state supreme court, in Steigler v. Superior Court In and For New Castle County,

252 ·A.2d 300 (Del.1969), cert. denied 396 U.S. 880, 90 S.Ct. 160, 24 L.Ed.2d 139 (1969), have held that a state may constitutionally provide that there is no right to bail in "capital cases."

2. Art. 6, § 19, La.Const. of 1812; Art. 108 of La.Const. of 1845; Art. 104 of La. Const. of 1852; Art. 106 of La.Const. of 1864; Art. 7 of La.Const. of 1868; Art. 9 of La.Const. of 1879; Art. 12 of La.Const. of 1898; Art. 12 of La.Const. of 1913.
The same language appears in the 1682 Laws of the Province of East Jersey. State v. Johnson, 1972, 61 N.J. 351, 294 A.2d 245.

■ As in State v. Holmes, supra, we conclude that Furman v. Georgia does not destroy the system . of classification of crimes in Louisiana. Murder is still a crime, and, when our legislature last acted with respect to it, murder was, as it has ever been, a capital crime. The crime remains unchanged; only the penalty has been changed. True, the penalty is what made murder a capital offense, and it is not actually a capital offense in Louisiana today. But the *nature* of the offense has not changed—only the punishment.

■ Because the system of classifying certain serious offenses as capital, and then providing the procedural structure for the administration of criminal justice based on that classification is so fundamental in the organization of our criminal statutes, we find it preferable to make no change in the interpretation of the constitutional provisions concerning bail. Those offenses classified as capital before Furman v. Georgia are still classified as capital offenses, and those charged with an offense punishable by death before Furman v. Georgia are not entitled to bail where the proof is evident or the presumption great.[3]

For these reasons, and those expressed in State v. Holmes, supra, we find merit in Bill of Exceptions No. 1. Upon motion of the State and after notice to defendant, the district judge shall conduct a hearing pursuant to the provisions of C.Cr.P. 313. .

BARHAM, J., dissents with written reasons.

TATE, J., concurs in BARHAM, J.'s dissent and additionally dissents for the reasons stated by him in State v. Holmes, 263 La. 685, 269 So.2d 207, this date.

BARHAM, Justice (dissenting).

The precise question in this case is whether those charged with offenses which were formerly punishable by death are to be admitted to bail since Furman v. Geor-

---

3. The Supreme Courts of Colorado and California have applied the "classification" theory to uphold bail provisions similar to those of Louisiana after the application of the death penalty became unconstitutional in their jurisdictions. People v. District Court (Nixon and McElravy). Colo.1972, 500 P.2d 358 and People v. Anderson, 6 Cal.3d 628, 100 Cal.Rptr. 152, 493 P.2d 880 (1972) (fn. 45). The Supreme Court of New Jersey and the Texas Court of Criminal Appeals found that bail provisions similar to those in Louisiana are no longer viable because there are no more "capital offenses."

State v. Johnson, 1972, 61 N.J. 351, 294 A.2d 245 and Ex Parte Contella, Tex. Cr.App.1972, 485 S.W.2d 910. The Supreme Court of Florida in Donaldson v. Sack, 265 So.2d 499 (Fla.1972), noted that Furman v. Georgia did not affect the Florida bail provisions because Art. 1, Sec. 14 of the Florida Constitution, F.S.A., provides that there shall be no bail available where the defendant is "charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.". .

gia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), declared the death penalty unconstitutional. The majority approaches this problem as though it were res nova, a problem suddenly created in every state in this country because the Supreme Court of the United States has stricken down the death penalty. As a matter of fact, in a very cursory examination I find that the question has been presented many times beginning as early as 1865, and that the answer has been uniform except in one recent case.[1]

Our Louisiana Constitution provides that all persons shall be bailable except " * * * Persons charged with a *capital offense*, where the proof is evident or the presumption great". La.Const. of 1921, Art. I, Sec. 12. (Emphasis supplied.) Our Code of Criminal Procedure Article 933 defines "capital offense" as "an offense that may be punished by death". Moreover, if we did not have a definition in our Code, we would be required to look for a definition in common law and its source. "Capital offense" apparently has had one meaning and one meaning only in England and in the United States. Bacon said that capital punishment was "That which affects life". Over the years in various editions of Webster's and The Century dictionaries, quotations from Spencer, Milton,

Swift, and Macaulay have been used to illustrate that "capital punishment" means the forfeiture of head or life, punishment by death. The Random House Dictionary of the English Language (1967) says a capital crime is punishable by death. The several editions of Black's Law Dictionary define capital crime as one punishable with death, and give numerous citations from jurisdictions throughout this country. Bouvier's Law Dictionary says a capital crime is "one for which the punishment of death is inflicted". See also Words and Phrases, "Capital Crime or Offense".

The jurisprudence is replete with the definition of "capital offense", and it is undeviating. Therefore, under the specific legislative definition in Louisiana as well as under the consistent definition in statutes and jurisprudence of other states, a "capital offense" is one punishable by death.

If there are no more offenses punishable by death in Louisiana because of the United States Supreme Court's pronouncements, there are no more capital offenses, and our constitutional limitation upon the right to bail in capital offense cases is without effect. Therefore all persons charged with crimes are bailable, subject to the Code criteria for fixing bail. This

---

1. People ex rel. Dunbar v. District Court, 500 P.2d 358 (Colo.Sup.Ct.1972), relied upon the dictum in a case where a California court pretermitted the question of bail in a footnote in People v. Anderson, 6 Cal.3d 628, 100 Cal.Rptr. 152, 493 P.2d 880 (1972).

conclusion can be documented with a long history of jurisprudence.

In In Re Charles A. Perry, 19 Wis. 676 (1865), it was said: "The court are of opinion that since the abolition of capital punishment in this state, persons charged with murder are in all cases bailable." [2]

In State v. Johnston, 83 Wash. 1, 144 P. 944 (1914), it was held that since capital punishment was abolished by that state in 1913, the 12 challenges previously afforded in prosecutions for capital offenses were no longer available, and that the provisions for six peremptory challenges in non-capital offenses should be applied in a murder prosecution.[3]

Ex Parte Ball, 106 Kan. 536, 188 P. 424 (1920), held that when the Constitution of that state (like ours) made all offenses bailable except capital offenses and the legislature declared that murder could no longer be punished by death, murder became a bailable offense.

For other cases with similar holdings, see In Re Welisch, 18 Ariz. 517, 163 P. 264 (1917); In Re Wood, 18 Ariz. 527, 163 P. 268 (1917); City of Sioux Falls v. Marshall, 48 S.D. 378, 204 N.W. 999 (1925); State v. Pett, 253 Minn. 429, 92 N.W.2d 205 (1958); see also Taglianetti v. Fontaine, 105 R.I. 596, 253 A.2d 609 (1969).

It can be seen from a reading of these cases that the abolition of capital punishment is not new in some jurisdictions within this country. It becomes more readily apparent that in these earlier cases where states have abolished capital punishment, these offenses, previously not bailable, became bailable upon the abolishing of the death penalty.

The majority of the cases that have arisen recently have followed the uniform rule. In People v. Anderson, 6 Cal.3d 628, 100 Cal.Rptr. 152, 493 P.2d 880 (1972), bail was not an issue. However, as an afterthought on rehearing the court said in dictum " * * * Subject to our future consideration of this issue in an appropriate proceeding, we hold that they [offenses formerly capital] remain as offenses for which bail should be denied * * *." In People ex rel. Dunbar v. District Court, 500 P.2d 358 (Colo.Sup.Ct.1972), that court, without looking to the vast authority throughout this country for an answer to this question, supported its decision with that meager gleaning from the California case.

Courts of all other jurisdictions which have considered the impact of the new United States Supreme Court declaration hold that unless there is some saving pro-

---

2. Capital punishment was abolished by ch. 103, Laws of 1853 in Wisconsin.

3. This is analogous to issues presented in the companion case of State v. Holmes, No. 52812 on our docket, 263 La. 685, 269 So.2d 207, this day decided, in which I dissent.

**711**

vision in their Constitutions, the end of the death penalty tolls the end of the denial of bail. State v. Johnson, 61 N.J. 351, 294 A.2d 245 (1972); Ex Parte Contella (Tex.Cr.App.1972) 485 S.W.2d 910. See also Donaldson v. Sack, 265 So.2d 499 (Fla.Sup.Ct.1972), which held that since capital punishment had been abolished, the provisions applying only to capital offenses for manner of indictment, the number of jurors required to constitute a jury, speedy trial, and jurisdiction were now without application. The Florida court held, however, that since the Florida Constitution Article I, Section 14, states that an offense punishable by *life imprisonment* is non-bailable when the proof of guilt is evident or the presumption great, the abolition of capital punishment did not affect that exception to right to bail.

I cannot find any justification for the holding of the majority in this case and in the companion case, State v. Holmes, No. 52812 on our docket, 263 La. 685, 269 So.2d 207, this day decided, in which I also dissent. The former provisions which specifically pertain to capital offenses, whether they benefit the State or the defendant, are stricken with nullity since there are no longer capital offenses. To reach any other conclusion usurps the function delegated in this particular instance to the legislators in combination with the people for legislative and constitutional reform.

I respectfully dissent.