BARHAM, Justice
(dissenting).
I dissent from the majority’s holding in the instant case for all the reasons stated in my dissenting opinion in State v. Flood, No. 52783 on our docket, 263 La. 700, 269 So.2d 212, this day decided.
We are required here to determine the number of jurors whose concurrence is necessary to render a verdict in what was formerly a capital offense, and to determine whether the requirement for total sequestration of the jury during the trial for such an offense is still in effect.
All the specific legal requirements addressed to “capital offenses”, separate and apart from other felonies, were enacted solely because of the nature of the punishment prescribed for such offenses. The possibility of receiving a death sentence would make one on bail for a capital offense less likely to appear for trial. It was the total irrevocability of the death penalty which led our Legislature to require in such cases indictment by grand jury, strict sequestration of the jury from outside influence, agreement of all jurors in order to return a verdict, more experienced counsel, and right of special appellate review, and to make other exceptional rules. The offense, the nature or the class of the' offense, was never the determining factor in: laying down these special guidelines. It. was the severe and irrevocable consequences which accompanied a verdict of guilty that impelled the Legislature and the' courts to afford additional safeguards for the defendant.
Donaldson v. Sack, 265 So.2d 499 (Fla. Sup.Ct. 1972), has cogently and correctly disposed of the issues here presented and similar issues which may arise in the future, as noted in the appendix" to the majority opinion. See also State v. Johnston, 83 Wash. 1, 144 P. 944 (1914).
As shown in my dissenting opinion iit State v. Flood, supra, the authority is overwhelmingly in support of such dispositions, with only a single case out of Colorado holding to the contrary. The criterion of “classification of offenses” set forth by the majority and by the court in the Colorado case as justification for the result reached does not reflect the exercise of the judicial function within constitutional limitations.
I am of the opinion that a concurrence of nine out of twelve jurors can convict in cases formerly denominated “capital offenses”, and 'that thd usual sequestration rules for other felonies should apply in. such cases.
I respectfully dissent.