Clifford **HARRINGTON**

v.

Elton **ARCENEAUX.**

Civ. A. No. 18544.

United States District Court,
W. D. Louisiana,
LaFayette Division.

March 22, 1973.

See also D.C., 367 F.Supp. 1272.

PUTNAM, District Judge.

Plaintiff invokes the jurisdiction of this court under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981, 1983 and 1988. He also seeks convocation of a three-judge court pursuant to 28 U.S.C. § 2281 et seq. and injunctive relief against the enforcement of Article 1, Section 12 of the Louisiana Constitution of 1921,[1] and Article 313 of the Louisiana Code of Criminal Procedure.[2]

When a person charged with the commission of a capital offense makes an application for admission to bail, the judge shall hold a hearing contradictorily with the state. The burden of proof:

(1) Prior to indictment is on the state to show that the proof is evident or the presumption great that the defendant is guilty of the capital offense.

(2) After indictment is on the defendant to show that the proof is not evident nor the presumption great that he is guilty of the capital offense." La.C.Cr.P. art. 313.

" 'Capital offense' means an offense that may be punished by death." La.C.Cr.P. art. 933 (2).

1. "Excessive bail or fines; cruel and unusual punishment; offenses not bailable. Section 12. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All persons shall be bailable by sufficient sureties, except the following: 1. Persons charged with a capital offense, where the proof is evident or the presumption great. Persons convicted of felonies, provided that where a minimum sentence of less than five years at hard labor is actually imposed, bail shall be allowed pending appeal until final judgment." La.Const., Art. I § 12.

2. "A person charged with the commission of a capital offense shall not be admitted to bail if the proof is evident or the presumption great that he is guilty of the capital offense.

This matter has been referred to the Chief Judge of the Circuit as required by 28 U.S.C. § 2284, but on reconsideration we recall that referral and dismiss the claim for injunctive relief for reasons stated below.

The salient facts as alleged in the complaint are as follows. Plaintiff was indicted for the crime of murder by the Grand Jury of Acadia Parish on July 12, 1972. He was admitted to bail on August 31, 1972 in the amount of $10,000.00, which was subsequently revoked for failure to appear in court for arraignment. Following revocation, he was incarcerated by the defendant Elton Arceneaux, Sheriff of Acadia Parish. After arraignment he was again admitted to bail on furnishing security in the sum of $20,000.00. Subsequently, following the decision of the cases of State v. Flood, 263 La. 700, 269 So.2d 212 (1972) and State v. Holmes, 263 La. 685, 269 So.2d 207 (1972),[3] he was again incarcerated by the defendant sheriff "without a hearing of any type whatever", and so remains to this date.

Petitioner contends that since the decision of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) declares the death penalty unconstitutional, murder can no longer be treated as a "capital" crime within the purview of the Louisiana constitutional and statutory provisions, supra; thus, the petitioner is entitled to be admitted to bail under the Louisiana Code of Criminal Procedure Article 212.[4] Further, petitioner alleges that reliance upon Louisiana Constitution Article 1, Section 12 and Article 313 of the Code of Criminal Procedure as a basis for holding him without bail before conviction is a denial of due process and equal protection of the law.

 Petitioner requested convocation of a three-judge court under 28 U.S.C. § 2281 et seq. and seeks to enjoin enforcement of state laws pertaining to bail for persons accused of capital offenses. "When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). Accordingly, a single judge is empowered to determine whether an application for injunctive relief alleges facts which, if taken as true, adequately demonstrate irreparable injury and an inadequate remedy at law. Pierre v. Jordan, 333 F. 2d 951 (9th Cir. 1964), cert. denied, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1965); Hill v. Nelson, 272 F.Supp. 790 (N.D.Calif.1967); Duncombe v. State of New York, 267 F.Supp. 103 (S.D. N.Y.1967).

 That the basis of injunctive relief in the federal courts has always been irreparable injury and inadequacy of legal remedies, is fundamental. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669; Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Policy considerations consistently announced by the Supreme Court of the United States guide this court in its consideration of this application for injunctive relief.

---

3. The Louisiana Supreme Court in State v. Flood and State v. Holmes held that Furman v. Georgia, 92 S.Ct. 2726 (1972), did not change the classification of crimes in Louisiana and that murder is still a crime, the *nature* of which has not changed; only the penalty has changed. Thus, those charged with an offense punishable by death before Furman v. Georgia are not entitled to bail, where the proof is evident or the presumption great, simply because a sentence of death may not be constitutionally imposed.

4. La.C.Cr.P. art. 312: Bail before conviction; general rule
 A person in custody charged with the commission of an offense is entitled to be admitted to bail before conviction, except as provided in Article 313.

In Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), the Supreme Court upheld a district court's refusal to enjoin application of a city ordinance to prohibit religious solicitation. The court emphasized certain policies which underlie the consideration for injunctive relief:

"Notwithstanding the authority of the district court, as a federal court, to hear and dispose of the case, petitioners are entitled to the relief prayed only if they establish a cause of action in equity. Want of equity jurisdiction, while not going to the power of the court to decide the cause, Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 69, 56 S.Ct. 1, 3, 80 L.Ed. 47; Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 181, 182, 55 S.Ct. 380, 383, 79 L.Ed. 841, 96 A.L.R. 1166, may nevertheless, in the discretion of the court, be objected to on its own motion. Twist v. Prairie Oil Co., 274 U.S. 684, 690, 47 S.Ct. 755, 757, 71 L.Ed. 1297; Commonwealth of Pennsylvania v. Williams, supra, 294 U.S. at page 185, 55 S.Ct. at page 385, 79 L.Ed. 841, 96 A.L.R. 1166. Especially should it do so where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court." Id. at 162, 63 S.Ct. 877, at 880.

These policy considerations were again emphasized in Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), where the Court upheld the district court's dismissal of a complaint seeking an injunction under R.S. § 1979 (42 U.S.C. § 1983) against the use of evidence claimed to have been obtained by an unlawful seizure by state police. The court said:

" . . . [T]o sustain the claim would disregard the power of courts of equity to exercise discretion when, in a matter of equity jurisdiction, the balance is against the wisdom of using their power. Here the considerations governing that discretion touch perhaps the most sensitive source of friction between States and Nation, namely, the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States." Id. at 120, 72 S.Ct. 118, at 120.

Accord, Wilson v. Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620 (1961).

In Younger v. Harris, 401 U.S. 37, 43–45, 91 S.Ct. 746, 750–751, 27 L.Ed. 2d 669 (1970) the Court said:

"The precise reasons for this long-standing policy against federal court interference with state court proceedings have never been specifically identified but the primary sources of the policy are plain. One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. . . . This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. . . . What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States."

The principles of equity established in the cases cited above govern the present considerations for injunc-

tive relief. The petitioner has an adequate remedy at law in the State courts, for on application for admission to bail the judge *shall* hold a hearing contradictorily with the State. La.C.Cr.P. art. 313; State v. Flood, supra. The petitioner has not alleged that he has been denied a hearing or even that he has made an application for such a hearing. In addition, should the trial court deny bail, the petitioner may invoke the supervisory jurisdiction of the state supreme court, La.C.Cr.P. art. 322[5] or, alternatively, he may use the state habeas corpus procedure under Louisiana Constitution Article VII, Section 2. See Comments following La.C.Cr.P. art. 322. Moreover, the petitioner has an adequate remedy at law in this court under 28 U.S.C. § 2241 et seq. which will afford complete postconviction redress for deprivation of any federal constitutional rights.

Though Douglas v. City of Jeannette and Younger v. Harris, supra, direct attention to the policy against enjoining state proceedings, this court is of the opinion that the principles of comity and federalism stated therein are controlling in this case, even though granting of the relief prayed for would not affect the state proceedings. The district court, in the absence of compelling circumstances, should not enjoin the legitimate activities of a state in the administration of its own criminal laws. See Stefanelli v. Minard and Wilson v. Schnettler, supra. Cf. Dameron v. Harson, 255 F.Supp. 533 (W.D.La. 1966).

Insofar as petitioner is seeking an injunction under the Civil Rights Act, 42 U.S.C. § 1981 et seq., the same considerations advanced above prevail. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

Moreover, insofar as the petition might be construed as an application for declaratory relief the same principles are relevant and where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

The principles and reasons cited above are persuasive and this Court is of the opinion that there is no compelling necessity or equitable justification under the circumstances which would call for resort to the equitable remedies sought herein by the petitioner. Accordingly, the petitioner's application for injunctive relief is denied and the petition is hereby dismissed.[6]

---

5. "Remedy for refusal of bail or excessive bail. A person held may invoke the supervisory jurisdiction of the supreme court on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case." La.C.Cr.P. art. 322.

6. Petitioner's claims of the unconstitutionality of Louisiana's procedural articles, predicated upon the burden of proof before and after indictment as set out in Art. 313, supra, and other grounds advanced by him, should be first presented to and decided by the state courts under principles of Federalism.