BARHAM, Justice,
dissenting.
The relator, Clifford Harrington, was indicted for murdering Earl Gray Breaux on July 3, 1972. He must be tried under the law as it then existed and cannot be indicted under law which became effective after that date. Under the statute then in force, the defendant could only receive a life sentence and could not be' punished by death because of the holding in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
Article 1, Section 12 of the Louisiana Constitution provides: “All persons shall be bailable * * * except * * * (P)ersons charged with a capital offense * * * Code Cr.Proc. Article 933 (2) defines capital crimes as offenses punishable by death. In spite of these clear provisions the majority of this court attempted to provide a “stop-gap” measure after Fur-man in former death cases by freezing all former provisions of our law applicable to capital cases except as to punishment, although Furman v. Georgia had made these cases non-capital. I still find no legal basis for the majority’s ruling in State v. Flood, 263 La. 700, 269 So.2d 212 (1972). Whatever value State v. Flood had after Furman has now disappeared since the Louisiana legislature has properly and constitutionally preempted the area of classifying “capital offenses”. By Act 127 of 1973 the legislature did reclassify homicides which are capital and thus non-bailable, and homicides which are not capital and are, therefore, bailable. Since the legislature has determined, consistent with the Code of Criminal Procedure definition, that “capital” means crimes punishable by death, we go contrary to the legislature if we hold that this defendant, who is not charged and cannot be charged with a capital offense, is not entitled to bail. Immaterial to the legal issue but interestingly, the defendant here could only be charged with second-degree murder which is non-capital if he committed the offense charged after the effective date of the 1973 act. He would be bailable.
*138 Although I was previously of the opinion that crimes not punishable by death were non-capital and that persons who were charged with these crimes were subject to bail, that position is now reaffirmed by legislative action. This defendant cannot be punished by death, therefore, he is not charged with a capital offense and is bailable under Article 1, Section 12 of the Louisiana Constitution.
I respectfully dissent from the refusal to grant writs.