294 So.2d 793 (1974)
STATE of Louisiana
v.
Jerry WASHINGTON.
No. 54569.
Supreme Court of Louisiana.
April 29, 1974.
France W. Watts, III, Watts & Cassidy, Franklinton, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
Defendant, Jerry Washington, was indicted on February 21, 1974 by the Washington Parish Grand Jury for second degree murder in violation of R.S. 14:30.1. An application for bail was made to the Honorable Hillary J. Crain, and was refused on the basis of our decision in State v. Holmes, 263 La. 685, 269 So.2d 207 (1972) and State v. Flood, 263 La. 700, 269 So.2d 212 (1972). Defendant then made application to this Court for remedial relief. We granted writs 290 So.2d 906 and ordered the trial court to fix bail and to show cause why the relief prayed for in the petition of relator should not be granted.
Article 1, Section 12 of the Louisiana Constitution and Articles 312 and 313 of the Code of Criminal Procedure provide all persons shall be bailable except those charged with capital offenses where the proof is evident or the presumption great that they are guilty of the capital offense. Capital offense is defined by Article 933 of the Code of Criminal Procedure as "an offense that may be punished by death."
In 1973, the Legislature of this State, subsequent to this Court's decisions in Holmes and Flood, amended former R.S. 14:30 to classify murder in two categories, first and second degree. The penalty for the crime of first degree murder is a mandatory death sentence under present R.S. 14:30. Thus first degree murder is a "capital offense" as defined by the Code of Criminal Procedure. Second degree murder is defined and punished as set out in R.S. 14:30.1:
"Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill.
Whoever commits the crime of second degree murder shall be imprisoned at *794 hard labor for life and shall not be eligible for parole, probation or suspension of sentence for a period of twenty years."
Since the penalty for second degree murder is life imprisonment, by present statutory definition, second degree murder is not a "capital offense".
The issue to be decided is whether the system of "classification" of crimes as announced in Flood and Holmes still applies to render second degree murder non-bailable under C.Cr.P. Article 313.
In Holmes the majority held that even though the United States Supreme Court in its decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) declared the death penalty unconstitutional as it was then imposed, this did not destroy the system of classification of crimes in Louisiana. In Holmes the majority held murder should be classed as a capital offense "at least until the legislative process has reorganized the criminal law and procedure in view of Furman." Murder, prior to the 1973 amendments, was still classified in the statute as a capital crime, although the penalty of death could not be enforced. Accordingly, in Flood, the majority held that those persons charged with "capital offenses" were not entitled to bail where the proof was evident or the presumption great.
The legislature has now acted and reorganized the criminal law in defining murder. The capital offense of murder is now defined by R.S. 14:30. Second degree murder under R.S. 14:30.1 is not now classified as a capital offense. There being no death penalty for the crime with which defendant is charged, bail must be granted.
It is ordered that the defendant, Jerry Washington, be admitted to bail pending trial.
BARHAM, J., concurs with additional reasons.
BARHAM, Justice (concurring with additional reasons).
I still adhere to my views expressed in dissents in State v. Holmes, 263 La. 685, 269 So.2d 207 (1972); State v. Flood, 263 La. 700, 269 So.2d 212 (1972); State v. Rhymes, 284 So.2d 923 (La.1973), and in the writ denial in State v. Williams, 289 So.2d 158 (La.1974).
I respectfully concur.