PER CURIAM.
WRIT GRANTED IN PART; DENIED IN PART.
The court of appeal was correct when it stated:
Defendant is not entitled to having the possible verdicts limited to “guilty of manslaughter” and “not guilty.” Furman [v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)] did not invalidate the crime of murder under La.R.S. 14:30; instead, it held unconstitutional the manner in which the death penalty was imposed. See, State v. Holmes, 263 La. 685, 269 So.2d 207 (La.1972); State v. Flood, 263 La. 700, 269 So.2d 212 (La.1972); State v. Foy 278 So.2d 38 (La.1973). Thus, Defendant is not entitled to the relief sought.
The court of appeal was technically correct when it stated “the same verdicts that were available at Defendant’s prior trials under La.R.S. 15:386 (1950 La.Acts No. 183) are still valid for his current trial.” However, because the death penalty cannot be imposed in this matter, utilization of the verdicts “guilty as charged” and “guilty without capital punishment” have the potential to result in undue jury confusion.
Thus, the verdict of “guilty as charged” is stricken and the verdicts shall be “guilty without capital punishment, guilty of manslaughter or not guilty.” See LSA-C.Cr.P. arts. 2 and 3.
The writ is denied in part and granted in part to amend the court of appeal judgment.
TRAYLOR, J., recused.